# U.S. District Court
## District of New Hampshire (Concord)
## CIVIL DOCKET FOR CASE #: <u>1:23−cv−00381−JL−TSM</u>

| | |
|---|---|
| Albrecht v. Sternenberg et al | Date Filed: 08/04/2023 |
| Assigned to: Judge Joseph N. Laplante | Jury Demand: Plaintiff |
| Referred to: US Magistrate Judge Talesha L. Saint−Marc | Nature of Suit: 440 Civil Rights: Other |
| Cause: 28:1983 Civil Rights | Jurisdiction: Federal Question |

**Plaintiff**

**Dana Albrecht**                    represented by **Dana Albrecht**
131 Daniel Webster Hwy #235
Nashua, NH 03060
603 809−1097
Email: dana.albrecht@hushmail.com
PRO SE

V.

**Defendant**

**Kathleen Sternenberg**              represented by **Linda M. Smith**
*in her official capacity as a Guardian ad*                Morrison Mahoney LLP
*Litem appointed to serve in the New*                650 Elm St, Ste 201
*Hampshire Circuit Court, Family*                Manchester, NH 03101
*Division*                603−518−1971
*TERMINATED: 01/31/2024*                Fax: 603−622−3466
Email: lsmith@morrisonmahoney.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bruce F. Dalpra**                   represented by **Catherine Denny**
*in his official capacity as a former*                NH Attorney General's Office (DOJ)
*Marital Master in the New Hampshire*                Department of Justice
*Circuit Court, Family Division*                33 Capitol St
Concord, NH 03301
603−271−1354
Email: Catherine.A.Denny@doj.nh.gov
*ATTORNEY TO BE NOTICED*

**Christopher George Bond**
NH Attorney General's Office (DOJ)
Department of Justice
33 Capitol St
Concord, NH 03301
603−271−3643
Fax: 603−271−2110
Email: christopher.g.bond@doj.nh.gov

*ATTORNEY TO BE NOTICED*

**Defendant**

**Julie A. Introcaso**
*in her official capacity as a former judge in the New Hampshire Circuit Court, Family Division*

represented by **Catherine Denny**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher George Bond**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mark S. Derby**
*in his official capacity as a judge in the New Hampshire Circuit Court, Family Division*

represented by **Catherine Denny**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher George Bond**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**David D. King**
*in his official capacity as an Administrative Judge of the New Hampshire Circuit Court*

represented by **Catherine Denny**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher George Bond**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**NH Judicial Branch**

represented by **Christopher George Bond**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/04/2023 | 1 | COMPLAINT against Bruce F. Dalpra, Mark S. Derby, Julie A. Introcaso, David D. King, NH Judicial Branch, Kathleen Sternenberg with Jury Demand (Filing fee $ 402 receipt number 854) filed by Dana Albrecht. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit List, # 3 Exhibits 1–5, # 4 Exhibits 6–16, # 5 Exhibits 17–21, # 6 Exhibit 22, # 7 Exhibit 23–26, # 8 Exhibit 27–30)(mc) (Additional attachment(s) added on 8/15/2023: # 9 Summonses) (mc). (Entered: 08/08/2023) |
| 08/04/2023 | 2 | Motion to Participate in Electronic Filing filed by Dana Albrecht.(mc) (Entered: 08/08/2023) |
| 08/04/2023 | | Case assigned to Judge Joseph N. Laplante and US Magistrate Judge Talesha Leah Saint–Marc. The case designation is: 1:23–cv–381–JL–TSM. Please show this number with the judge designation on all future pleadings. (mc) (Entered: 08/08/2023) |
| 08/08/2023 | | |

| | | |
|---|---|---|
| | | NOTICE. This case has been designated for Electronic Case Filing. All further submissions shall be filed in compliance with the Administrative Procedures for Electronic Case Filing. Pro se litigants are not required to file electronically and may continue to file documents in paper format. *Persons filing electronically are strongly encouraged to complete the interactive training modules available on the courts website. To access these modules, click* HERE. (mc) (Entered: 08/08/2023) |
| 08/08/2023 | | **ENDORSED ORDER granting 2 Motion to Participate in Electronic Filing. *Text of Order: Granted.* So Ordered by US Magistrate Judge Talesha Leah Saint–Marc.**(mc) (Entered: 08/08/2023) |
| 08/15/2023 | 3 | Summonses issued electronically as to Bruce F. Dalpra, Mark S. Derby, Julie A. Introcaso, David D. King, NH Judicial Branch, Kathleen Sternenberg. **NOTICE: Counsel shall print and serve the summonses and all attachments in accordance with Fed. R. Civ. P. 4.** (Attachments: # 1 Notice ECF)(mc) (Entered: 08/15/2023) |
| 08/26/2023 | 4 | Return of Service Executed as to All Defendants *8/18/2023* by Dana Albrecht. (Attachments: # 1 Summons – Waiver Return of Service – Kathleen Sternenberg, # 2 Summons – Waiver Return of Service – Bruce F. DalPra, # 3 Summons – Waiver Return of Service – Julie A. Introcaso, # 4 Summons – Waiver Return of Service – Mark S. Derby, # 5 Summons – Waiver Return of Service – David D. King, # 6 Summons – Waiver Return of Service – NHJB)(Albrecht, Dana) (Entered: 08/26/2023) |
| 09/05/2023 | 5 | MOTION to Dismiss filed by Kathleen Sternenberg. Attorney Linda M. Smith added to party Kathleen Sternenberg(pty:dft).Follow up on Objection on 9/19/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law)(Smith, Linda) (Entered: 09/05/2023) |
| 09/07/2023 | 6 | NOTICE of Attorney Appearance by Christopher George Bond on behalf of Bruce F. Dalpra, Mark S. Derby, Julie A. Introcaso, David D. King, NH Judicial Branch Attorney Christopher George Bond added to party Bruce F. Dalpra(pty:dft), Attorney Christopher George Bond added to party Mark S. Derby(pty:dft), Attorney Christopher George Bond added to party Julie A. Introcaso(pty:dft), Attorney Christopher George Bond added to party David D. King(pty:dft), Attorney Christopher George Bond added to party NH Judicial Branch(pty:dft).(Bond, Christopher) (Entered: 09/07/2023) |
| 09/07/2023 | 7 | MOTION to Extend Time to Answer to November 6, 2023 *or file other responsive pleading* filed by Bruce F. Dalpra, Mark S. Derby, Julie A. Introcaso, David D. King, NH Judicial Branch.Follow up on Objection on 9/21/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Bond, Christopher) (Entered: 09/07/2023) |
| 09/07/2023 | 8 | NOTICE of Attorney Appearance by Catherine Denny on behalf of Mark S. Derby, David D. King Attorney Catherine Denny added to party Mark S. Derby(pty:dft), Attorney Catherine Denny added to party David D. King(pty:dft).(Denny, Catherine) (Entered: 09/07/2023) |
| 09/22/2023 | 9 | Assented to MOTION to Extend Time to Object/Respond to 5 MOTION to Dismiss to 10/06/23 filed by Dana Albrecht.(Albrecht, Dana) (Entered: 09/22/2023) |
| 09/22/2023 | 10 | RESPONSE to Motion re 7 MOTION to Extend Time to Answer to November 6, 2023 *or file other responsive pleading* filed by Dana Albrecht. (Albrecht, Dana) (Entered: 09/22/2023) |

| 09/22/2023 | | **ENDORSED ORDER granting re 7 Motion to Extend Time to Answer to November 6, 2023 or file other responsive pleading, granting re 9 Assented to MOTION to Extend Time to Object/Respond to 5 MOTION to Dismiss to 10/06/23.** *Text of Order: Granted. So Ordered by US Magistrate Judge Talesha Leah Saint–Marc. Answer Follow Up on 11/6/2023. Follow up on Objection re 5 Motion on 10/6/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(ko)* (Entered: 09/22/2023) |
|---|---|---|
| 10/10/2023 | | Notice regarding 5 MOTION to Dismiss: Pursuant to Local Rule 72.1, this motion has been referred to Magistrate Judge Talesha Leah Saint–Marc for proposed findings of fact and a recommendation as to its disposition. Any such findings and recommendations shall be filed with the Court and a copy shall forthwith be served on all parties. (ko) (Entered: 10/10/2023) |
| 10/10/2023 | 11 | MOTION to Extend Time to Answer filed by Dana Albrecht.Follow up on Objection on 10/24/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Albrecht, Dana) Modified on 10/20/2023 to terminate motion per 10/16/23 order (ko). (Entered: 10/10/2023) |
| 10/11/2023 | | ACTION REQUIRED – NOTICE Nonconforming Document re 11 MOTION to Extend Time to Answer filed by Dana Albrecht. 1) The document fails to comply with LR 7.1–No statement of concurrence was included. File statement as addendum using the Other Documents/Addendum event and link filing to document no. 11. The document will remain on file. Please note that unless a document curing the defect is filed by the Notice of Compliance Deadline the matter may be referred to a judicial officer for appropriate action. 2) Filer used wrong event. Filer should have used Motion/Extend Time to Object/Respond. If the filing party has any questions concerning this notice, please contact the judge's case manager at 603–225–1423.Compliance Deadline set for 10/13/2023.(ko) (Entered: 10/11/2023) |
| 10/12/2023 | 12 | OBJECTION to 5 MOTION to Dismiss filed by Dana Albrecht. Follow up on Reply on 10/19/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law Memorandum in Support of Objection, # 2 Exhibit Judicial Immunity at the (Second) Founding: A New Perspective § 1983. 136 Harv. L. Rev. 1456. March 2023., # 3 Exhibit Harlow v. Fitzgerald, 457 U.S. 800 (1982), # 4 Exhibit Hearing on Plea and Sentencing, State of New Hampshire v. Julie A. Introcaso, No. 226–2021–CR–00126 (November 15, 2021))(Albrecht, Dana) (Entered: 10/12/2023) |
| 10/13/2023 | 13 | Amended MOTION to Extend Time to Object/Respond to 5 MOTION to Dismiss , 12 Objection to Motion,, 11 MOTION to Extend Time to Answer to 10/13/2023 filed by Dana Albrecht.Follow up on Objection on 10/27/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Albrecht, Dana) (Entered: 10/13/2023) |
| 10/16/2023 | | **ENDORSED ORDER granting re 13 Motion to Extend Time to Object/Respond re 5 Motion to Dismiss; denying as moot re 11 Motion to Extend Time to Answer.** *Text of Order: Plaintiff Dana Albrecht's assented–to motion (doc. no. 13) to allow his out–of–time objection to defendant Kathleen Sternenberg's motion to dismiss is granted. Albrecht's prior motion (doc. no. 11) requesting an extension of time to file the objection is denied as moot. Sternenberg may file a reply to Albrecht's objection (doc. no. 12) on or before October 23, 2023. See LR 7.1(e)(1). /i> So Ordered by US Magistrate Judge Talesha Leah Saint–Marc. Follow up on Reply on 10/23/2023. The court only follow up date DOES NOT include 3 additional days that may apply per* |

| | | |
|---|---|---|
| | | *FRCP 6(d) and FRCrP 45(c).(ko)* (Entered: 10/16/2023) |
| 10/20/2023 | 14 | REPLY to Objection to Motion re 5 MOTION to Dismiss filed by Kathleen Sternenberg. Surreply due by 10/25/2023. (Smith, Linda) (Entered: 10/20/2023) |
| 10/26/2023 | 15 | SURREPLY to Reply to 5 MOTION to Dismiss filed by Dana Albrecht. (Attachments: # 1 Memorandum of Law Plaintiff's Memorandum of Law re: Petition Clause, # 2 Exhibit Caperton v. AT Massey Coal Co., Inc., 556 U.S. 868 (2009), # 3 Exhibit Witte v. Justices of the N.H. Superior Court, 831 F.2d 362 (1987), # 4 Exhibit Nine Cases of Judicial Misconduct, # 5 Exhibit Sternenberg GAL Fees: Covart v. Covart, No. 659−2015−DM−00463, # 6 Exhibit Sternenberg GAL Fees: Albrecht v. Albrecht, No. 659−2016−DM−00288, # 7 Exhibit Sternenberg GAL Fees: Campbell v. Partello, No. 659−2018−DM−00702, # 8 Exhibit Sternenberg GAL Fees: Loudermilk v. Montgomery, No. 659−2015−DM−00185, # 9 Exhibit Sternenberg GAL Fees: Ausiaikova v. Meckel, No. 659−2018−DM−00414)(Albrecht, Dana) (Entered: 10/26/2023) |
| 10/26/2023 | | FILED IN ERROR. WRONG CASE. Minute Entry for proceedings held before Judge Joseph N. Laplante. MOTION HEARING held on 10/26/2023 re 5 MOTION to Dismiss. Order to issue. (Court Reporter: Liza Dubois) (Pltfs Atty: Brian Scott Green, Hillary See−May Cheng) (Defts Atty: Anna Dronzek)(Total Hearing Time: 52 minutes) (ko) Modified on 10/26/2023 to add: filed in error docket text (ko). (Entered: 10/26/2023) |
| 10/26/2023 | | Notice regarding 5 MOTION to Dismiss: Pursuant to Local Rule 72.1, this motion has been referred to Magistrate Judge Talesha Leah Saint−Marc for proposed findings of fact and a recommendation as to its disposition. Any such findings and recommendations shall be filed with the Court and a copy shall forthwith be served on all parties. (ko) (Entered: 10/26/2023) |
| 10/27/2023 | | **ENDORSED ORDER re 5 Motion to Dismiss. *Text of Order: No pretrial conference will be scheduled until after resolution of the pending Motion to Dismiss (doc. no. 5). Given the issues raised in the motion, the court finds good cause to extend the deadline for issuing the scheduling order pursuant to Fed. R. Civ. P. 16(b) to after the rescheduled pretrial conference.* So Ordered by US Magistrate Judge Talesha Leah Saint−Marc.(ko)** (Entered: 10/27/2023) |
| 11/03/2023 | 16 | MOTION for entry of late authority. filed by Dana Albrecht.Follow up on Objection on 11/17/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit Gibson v. Goldston, 22−1757, (4th Cir.))(Albrecht, Dana) (Entered: 11/03/2023) |
| 11/06/2023 | 17 | NOTICE of Attorney Appearance by Catherine Denny on behalf of Bruce F. Dalpra, Julie A. Introcaso Attorney Catherine Denny added to party Bruce F. Dalpra(pty:dft), Attorney Catherine Denny added to party Julie A. Introcaso(pty:dft).(Denny, Catherine) (Entered: 11/06/2023) |
| 11/06/2023 | 18 | MOTION to Dismiss filed by Julie A. Introcaso.Follow up on Objection on 11/20/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law)(Denny, Catherine) (Entered: 11/06/2023) |
| 11/06/2023 | 19 | MOTION to Dismiss filed by Bruce F. Dalpra.Follow up on Objection on 11/20/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law)(Denny, |

| | | |
|---|---|---|
| | | Catherine) (Entered: 11/06/2023) |
| 11/06/2023 | 20 | MOTION to Dismiss filed by Mark S. Derby, David D. King, NH Judicial Branch.Follow up on Objection on 11/20/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law Memorandum)(Bond, Christopher) (Entered: 11/06/2023) |
| 11/13/2023 | 21 | RESPONSE to Motion re 16 MOTION for entry of late authority. filed by Kathleen Sternenberg. (Smith, Linda) (Entered: 11/13/2023) |
| 11/16/2023 | 22 | Assented to MOTION to Extend Time to Object/Respond to 18 MOTION to Dismiss , 19 MOTION to Dismiss , 20 MOTION to Dismiss to January 4, 2024 filed by Dana Albrecht.(Albrecht, Dana) (Entered: 11/16/2023) |
| 11/17/2023 | | **ENDORSED ORDER granting re 22 Assented to Motion to Extend Time to Object/Respond re 19 Motion to Dismiss, 18 Motion to Dismiss, 20 Motion to Dismiss. *Text of Order: Granted.* So Ordered by US Magistrate Judge Talesha L. Saint–Marc. Follow up on Objection on 1/4/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(ko)** Modified on 11/29/2023 to modify deadline date from 2023 to 2024 (ko). (Entered: 11/17/2023) |
| 11/29/2023 | | **ENDORSED ORDER granting re 16 Motion for entry of late authority. *Text of Order: Plaintiff's "Motion for Entry of Late Authority" (doc. no. 16) is granted in that the court will consider the case. The court generally does not take "judicial notice" of caselaw. See Fed. R. Evid. 201; Getty v. Petroleum Marketing, Inc. v. Capital Terminal Co., 391 F.3d 312, 322 (1st Cir. 2004) (Lipez, J., concurring) (discussing when courts take "judicial notice" of law versus facts).* So Ordered by US Magistrate Judge Talesha L. Saint–Marc. (ko)** (Entered: 11/30/2023) |
| 12/11/2023 | 23 | **///REPORT AND RECOMMENDATION re 5 Motion to Dismiss, recommending the district judge should grant Sternenberg's motion to dismiss (doc. no. 5). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). So Ordered by US Magistrate Judge Talesha L. Saint–Marc. Follow up on Objections to R&R on 12/26/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (ko)** (Entered: 12/11/2023) |
| 12/20/2023 | 24 | Assented to MOTION to Extend Time to Object/Respond to 23 REPORT AND RECOMMENDATION re 5 Motion to Dismiss,, recommending the district judge should grant Sternenbergs motion to dismiss (doc. no. 5). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice to January 8, 2024 filed by Dana Albrecht.(Albrecht, Dana) (Entered: 12/20/2023) |
| 12/20/2023 | | **ENDORSED ORDER granting 24 Assented to MOTION to Extend Time to Object/Respond to 23 REPORT AND RECOMMENDATION re 5 Motion to Dismiss. *Text of Order: Granted.* So Ordered by US Magistrate Judge Talesha L. Saint–Marc.(jb)** (Entered: 12/20/2023) |
| 01/05/2024 | 25 | OBJECTION to 20 MOTION to Dismiss filed by Dana Albrecht. Follow up on Reply on 1/12/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law Memorandum in Support of Objection, # 2 Exhibit List for November 15, 2023 state court hearing, # 3 Exhibit 1 – 11/12/2020 email exchange between eScribers, LLC and |

| | | |
|---|---|---|
| | | New Hampshire Judicial Branch., # <u>4</u> Exhibit 2 – 11/12/2020 email from eScribers, LLC to Dana Albrecht, and related invoice., # <u>5</u> Exhibit 3 – 11/13/2020 email sent from Hon. David D. King to Master Bruce F. DalPra., # <u>6</u> Exhibit 4 – 02/16/2021 correspondence from NH JCC to Bruce F. DalPra, that was copied to Judge King., # <u>7</u> Exhibit 5 – 12/01/2021 NH Supreme Court invoice, with excerpt of 11/6/2020 transcript (first version)., # <u>8</u> Exhibit 6 – 12/10/2021 NH Supreme Court Order., # <u>9</u> Exhibit 7 – 12/15/2021 NH Supreme Court invoice, with excerpt of 11/6/2020 transcript (second version)., # <u>10</u> Exhibit 8 – 02/15/2022 Police Report (21–78476–OF) from Nashua, NH., # <u>11</u> Exhibit 9 – 04/22/2022 Correspondence from Zachary C. Wolf, NH Criminal Justice Bureau., # <u>12</u> Exhibit 10 – 08/26/2022 Deposition of the Honorable David D. King (partial/redacted)., # <u>13</u> Exhibit 11 – 11/10/2022 NH Supreme Court Order, and related invoices., # <u>14</u> Exhibit 12 – 12/20/2022 NH Supreme Court invoice, with complete 11/6/2020 transcript (third version)., # <u>15</u> Exhibit 13 – 07/23/2023 Background information on the Honorable David D. King (Wikipedia)., # <u>16</u> Exhibit 14 – Selected other state court documents, # <u>17</u> Exhibit 15 – Case Summary, Albrecht v. Albrecht, No. 659–2019–DV–00341, # <u>18</u> Exhibit 16 – 11/15/2023 state trial court transcript, # <u>19</u> Exhibit 17 – 11/16/2023 state trial court transcript)(Albrecht, Dana) Modified on 1/5/2024 to remove duplicative exhibit text (ko). (Entered: 01/05/2024) |
| 01/08/2024 | <u>26</u> | OBJECTION to <u>19</u> MOTION to Dismiss filed by Dana Albrecht. Follow up on Reply on 1/16/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # <u>1</u> Memorandum of Law Memorandum in Support of Objection, # <u>2</u> Exhibit List, # <u>3</u> Exhibit 1 – Nine Cases of Judicial Misconduct, # <u>4</u> Exhibit 2 – Excerpt from 5/1/2014 hearing, Sobell v. Sobell, No. 659–2013–DM–00348, # <u>5</u> Exhibit 3 – 10/13/2016 Order on Appointment of GAL, # <u>6</u> Exhibit 4 – 1/18/2021 Deposition of Master DalPra, # <u>7</u> Exhibit 5 – 2/8/2021 Deposition of Julie Introcaso, # <u>8</u> Exhibit 6 – JCC Correspondence copied to Judge King, # <u>9</u> Exhibit 7 – 5/28/2021 Email from Mary Ann Dempsey, # <u>10</u> Exhibit 8 – 2/16/2021 NH Supreme Court Order, # <u>11</u> Exhibit 9 – JCC Exhibits JC–21–072–C, # <u>12</u> Exhibit 10 – 11/10/2022 NH Supreme Court Order and Invoices, # <u>13</u> Exhibit 11 – Petition of Union Leader Corp., 147 N.H. 603 (2002), # <u>14</u> Exhibit 12 – Oral Argument, Petition of Union Leader Corp., 147 N.H. 603 (2002))(Albrecht, Dana) (Entered: 01/08/2024) |
| 01/08/2024 | <u>27</u> | OBJECTION to <u>18</u> MOTION to Dismiss filed by Dana Albrecht. Follow up on Reply on 1/16/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # <u>1</u> Memorandum of Law Memorandum in Support of Objection, # <u>2</u> Exhibit List, # <u>3</u> Exhibit 1 – Witte v. Justices of New Hampshire, 831 F.2d 362 (1st Cir. 1987), # <u>4</u> Exhibit 2 – Nine Cases of Judicial Misconduct, # <u>5</u> Exhibit 3 – Excerpt from 5/1/2014 hearing, Sobell v. Sobell, No. 659–2013–DM–00348., # <u>6</u> Exhibit 4 – 10/13/2016 Order on Appointment of Guardian ad Litem, # <u>7</u> Exhibit 5 – 8/9/2017 Testimony of Kathleen Sternenberg, Albrecht v. Albrecht., # <u>8</u> Exhibit 6 – 3/15/2019 Recusal Order, Judge Introcaso, Campbell v. Partello, # <u>9</u> Exhibit 7 – 4/26/2019 Order on Motion to remove GAL, Judge Derby, Campbell v. Partello, # <u>10</u> Exhibit 8 – 5/9/2019 Motions Hearing, Albrecht v. Albrecht, # <u>11</u> Exhibit 9 – 5/30/2019 Order on Motions, Judge Introcaso, # <u>12</u> Exhibit 10 – 6/30/2019 Order on Motion for Reconsideration, Judge Derby, # <u>13</u> Exhibit 11 – 9/16/2019 NH Supreme Court Order, copied to Judge Derby, # <u>14</u> Exhibit 12 – 10/25/2019 NH Supreme Court Order, copied to Judge Derby, # <u>15</u> Exhibit 13 – 10/14/2020 Judge Introcaso Statement of Formal Charges, JC–19–050–C and JC–20–010–C, # <u>16</u> Exhibit 14 – 10/23/2020 New Hampshire Union Leader Article, # <u>17</u> |

| | | |
|---|---|---|
| | | Exhibit 15 – 1/18/2021 Deposition of Judge Derby, # <u>18</u> Exhibit 16 – 2/8/2021 Deposition of Julie Introcaso, # <u>19</u> Exhibit 17 – 2/19/2021 JCC Summary Report, Julie Introcaso, JC–19–050–C and JC–20–010–C, # <u>20</u> Exhibit 18 – Julie Introcaso Resignation Letter, # <u>21</u> Exhibit 19 – 3/23/2021 NH Supreme Court Order and Invoices, re: Julie Introcaso, # <u>22</u> Exhibit 20 – 5/28/2021 Email from former NHJB General Counsel Mary Ann Dempsey, # <u>23</u> Exhibit 21 – 7/15/2021 UCCJEA Transcript, Albrecht v. Albrecht, # <u>24</u> Exhibit 22 – 11/15/2021 Plea and Sentencing Hearing, State v. Introcaso, # <u>25</u> Exhibit 23 – 1/18/2022 Testimony of Laura Montgomery, # <u>26</u> Exhibit 24 – 1/18/2022 Exhibits for Testimony of Laura Montgomery, # <u>27</u> Exhibit 25 – 2/15/2022 Email from Julie Introcaso to Plaintiff, # <u>28</u> Exhibit 26 – 2/25/2022 NH Supreme Court Order, re: Julie Introcaso, # <u>29</u> Exhibit 27 – 10/13/2022 Hearing on Jurisdiction)(Albrecht, Dana) (Entered: 01/08/2024) |
| 01/08/2024 | <u>28</u> | Assented to MOTION to Extend Time to Object/Respond to 23 REPORT AND RECOMMENDATION re <u>5</u> Motion to Dismiss,, recommending the district judge should grant Sternenbergs motion to dismiss (doc. no. 5). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice to January 22, 2024 filed by Dana Albrecht.(Albrecht, Dana) (Entered: 01/08/2024) |
| 01/09/2024 | | **ENDORSED ORDER granting re <u>28</u> Assented to Motion to Extend Time to Object/Respond to <u>23</u> Report and Recommendation. *Text of Order: Granted.* So Ordered by US Magistrate Judge Talesha L. Saint–Marc. Follow up on Objection on 1/22/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(ko)** (Entered: 01/09/2024) |
| 01/12/2024 | <u>29</u> | MOTION to Extend Time to Object/Respond to <u>25</u> Objection to Motion to February 9, 2024 filed by Mark S. Derby, David D. King, NH Judicial Branch.Follow up on Objection on 1/26/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Bond, Christopher) Modified on 1/29/2024 to remove ,,,,,,, (ko). (Entered: 01/12/2024) |
| 01/12/2024 | <u>30</u> | MOTION to Extend Time to Answer to February 26, 2024 filed by Dana Albrecht.Follow up on Objection on 1/26/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # <u>1</u> Exhibit 1 – Plaintiffs email to Defendants counsel dated January 11, 2024)(Albrecht, Dana) (Entered: 01/12/2024) |
| 01/12/2024 | <u>31</u> | MOTION to Extend Time to Object/Respond to <u>27</u> Objection to Motion to February 9, 2024 filed by Julie A. Introcaso.Follow up on Objection on 1/26/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Denny, Catherine) Modified on 1/29/2024 to remove ,,,,,,, (ko). (Entered: 01/12/2024) |
| 01/12/2024 | <u>32</u> | MOTION to Extend Time to Object/Respond to <u>26</u> Objection to Motion,,,, to February 9, 2024 filed by Bruce F. Dalpra.Follow up on Objection on 1/26/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Denny, Catherine) (Entered: 01/12/2024) |
| 01/23/2024 | <u>33</u> | MOTION to Extend Time to Object/Respond to <u>23</u> REPORT AND RECOMMENDATION re <u>5</u> Motion to Dismiss,, recommending the district judge should grant Sternenbergs motion to dismiss (doc. no. 5). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice to January 29, 2024 filed by Dana Albrecht.Follow up on Objection on 2/6/2024. The court only follow up date DOES NOT include 3 additional days that may apply per |

| | | FRCP 6(d) and FRCrP 45(c).(Albrecht, Dana) (Entered: 01/23/2024) |
|---|---|---|
| 01/23/2024 | 34 | REFILED see doc. no. 35 . MOTION for Judicial Notice of United States v. Rahimi, 61 F. 4th 443 (5th Cir. 2023) and related materials. filed by Dana Albrecht.Follow up on Objection on 2/6/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit United States v. Rahimi, 61 F. 4th 443 (5th Cir. 2023)., # 2 Exhibit Questions Presented: United States v. Rahimi, SCOTUS, No. 22–915., # 3 Exhibit 11/7/2023 Oral Argument, United States v. Rahimi, SCOTUS, No. 22–915., # 4 Exhibit David N. Heleniak, Shuttering the New Star Chamber: Toward a Populist Strategy Against Criminal Equity in the Family Court., # 5 Exhibit Peter Slocum, Biting the D.V. Bullet: Are Domestic–Violence Restraining Orders Trampling on Second Amendment Rights?, # 6 Exhibit Scott A. Lerner, Sword or Shield? Combating OrdersofProtection Abuse in Divorce., # 7 Exhibit Jeannie Suk, Criminal Law Comes Home., # 8 Exhibit David N. Heleniak, The New Star Chamber: The New Jersey Family Court and the Prevention of Domestic Violence Act., # 9 Exhibit Colleen Nestler v. David Letterman, No. D–0101–DV–200502772, 1st Jud. Dist. Ct., N.M. (December 15, 2005).)(Albrecht, Dana) Modified on 1/24/2024 to add: Refiled to docket text(ko). (Entered: 01/23/2024) |
| 01/23/2024 | 35 | Amended MOTION for Judicial Notice of United States v. Rahimi, 61 F. 4th 443 (5th Cir. 2023) and related materials. filed by Dana Albrecht.Follow up on Objection on 2/6/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit United States v. Rahimi, 61 F. 4th 443 (5th Cir. 2023)., # 2 Exhibit Questions Presented: United States v. Rahimi, SCOTUS, No. 22–915., # 3 Exhibit 11/7/2023 Oral Argument, Unites States v. Rahimi, SCOTUS, No. 22–915., # 4 Exhibit David N. Heleniak, Shuttering the New Star Chamber: Toward a Populist Strategy Against Criminal Equity in the Family Court., # 5 Exhibit Peter Slocum, Biting the D.V. Bullet: Are Domestic–Violence Restraining Orders Trampling on Second Amendment Rights?, # 6 Exhibit Scott A. Lerner, Sword or Shield? Combating OrdersofProtection Abuse in Divorce., # 7 Exhibit Jeannie Suk, Criminal Law Comes Home., # 8 Exhibit David N. Heleniak, The New Star Chamber: The New Jersey Family Court and the Prevention of Domestic Violence Act., # 9 Exhibit Randy Frances Kandel, Squabbling in the Shadows: What the Law Can Learn from the Way Divorcing Couples Use Protective Orders as Bargaining Chips in Domestic Spats and Child Custody Mediation., # 10 Exhibit Colleen Nestler v. David Letterman, No. D–0101–DV–200502772, 1st Jud. Dist. Ct., N.M. (December 15, 2005).)(Albrecht, Dana) (Entered: 01/23/2024) |
| 01/25/2024 | 36 | OBJECTION to 23 Report and Recommendation *of Magistrate Judge* filed by Dana Albrecht. (Attachments: # 1 Memorandum of Law in Support of Objection to Magistrate Judge's Report and Recommendations, # 2 Exhibit 2 – Nine cases of Introcaso/Sternenberg conflict, # 3 Exhibit 3 – 5/1/2014: Excerpt from Sobell v. Sobell, No. 659–2013–DM–00348., # 4 Exhibit 4 – 10/13/2016: Order of appointment of GAL Sternenberg., # 5 Exhibit 5 – 8/9/2017: GAL Sternenberg testimony., # 6 Exhibit 6 – 3/15/2019: Julie Introcaso recusal order., # 7 Exhibit 7 – 10/14/2020: JC–19–050–C and JC–20–010–C – Statement of Formal Charges., # 8 Exhibit 8 – 2/8/2021: Deposition of Julie Introcaso., # 9 Exhibit 9 – 2/10/2021: JCC Exhibits – Redacted., # 10 Exhibit 10 – 2/19/2021: JC–19–050–C and JC–20–010–C – Summary Report., # 11 Exhibit 11 – 5/28/2021: Email from former NHJB General Counsel Mary Ann Dempsey., # 12 Exhibit 12 – 12/16/2021: NH Supreme Court Order, No. 2021–0192., # 13 Exhibit 13 – 11/13/2023: Letter from NHJB General Counsel Erin Creegan., # 14 Exhibit 14 – 11/15/2023: state trial court transcript., # 15 Exhibit 15 – |

| | | |
|---|---|---|
| | | 12/11/2023: Katherine Albrecht – trial court pleading., # <u>16</u> Exhibit 16 – NH Supreme Court – "112 page pleading", # <u>17</u> Exhibit 17 – Transcript: Albrecht v. Metro. Pier & Exposition Auth.)(Albrecht, Dana) (Entered: 01/25/2024) |
| 01/29/2024 | | **ENDORSED ORDER granting re <u>29</u> Motion to Extend Time to Object/Respond re <u>25</u> Objection to Motion to February 9, 2024; granting <u>31</u> MOTION to Extend Time to Object/Respond to <u>27</u> Objection to Motion to February 9, 2024; granting <u>32</u> MOTION to Extend Time to Object/Respond to <u>26</u> Objection to Motion to February 9, 2024.** *Text of Order: Granted.* **So Ordered by US Magistrate Judge Talesha L. Saint–Marc. Follow up on Reply on 2/9/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(ko)** (Entered: 01/30/2024) |
| 01/29/2024 | | **ENDORSED ORDER granting re <u>30</u> Motion to Extend Time to Answer to February 26, 2024.** *Text of Order: Granted. Although "surreplies are not encouraged," LR 7.1(e)(3), plaintiff shall file any such surreply on or before February 26, 2024. Consistent with LR 7.1(e)(3), each surreply shall be limited to five (5) pages.* **So Ordered by US Magistrate Judge Talesha L. Saint–Marc. (ko)** (Entered: 01/30/2024) |
| 01/29/2024 | | **ENDORSED ORDER denying as moot re <u>33</u> Motion to Extend Time to Object/Respond to <u>23</u> REPORT AND RECOMMENDATION re <u>5</u> Motion to Dismiss.** *Text of Order: Denied. Plaintiff filed his Objection to the Report and Recommendation of Magistrate Judge (doc 36), and therefore, the Motion to Extend Time to Object/Respond is denied as moot.* **So Ordered by US Magistrate Judge Talesha L. Saint–Marc. (ko)** (Entered: 01/30/2024) |
| 02/01/2024 | <u>37</u> | **///ORDER approving <u>23</u> Report and Recommendation. So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 02/01/2024) |
| 02/07/2024 | <u>38</u> | NOTICE of Defendants Derby, King and NHJB Regarding Reply by Mark S. Derby, David D. King, NH Judicial Branch.(Bond, Christopher) (Entered: 02/07/2024) |
| 02/08/2024 | <u>39</u> | NOTICE of Reply to Plaintiff's Objection to his Motion to Dismiss by Bruce F. Dalpra.(Denny, Catherine) (Entered: 02/08/2024) |
| 02/08/2024 | <u>40</u> | NOTICE of Reply to Plaintiff's Objection to her Motion to Dismiss by Julie A. Introcaso.(Denny, Catherine) (Entered: 02/08/2024) |
| 02/21/2024 | | ENTERED IN ERROR – DISREGARD – Notice regarding <u>18</u> MOTION to Dismiss, <u>19</u> MOTION to Dismiss and <u>20</u> MOTION to Dismiss: Pursuant to Local Rule 72.1, this motion has been referred to Magistrate Judge Talesha L. Saint–Marc for proposed findings of fact and a recommendation as to its disposition. Any such findings and recommendations shall be filed with the Court and a copy shall forthwith be served on all parties. (jb) Modified on 2/21/2024 to add entered in error text (jb). (Entered: 02/21/2024) |
| 02/23/2024 | | **ENDORSED ORDER denying re <u>35</u> Amended MOTION for Judicial Notice of United States v. Rahimi, 61 F. 4th 443 (5th Cir. 2023) and related materials.** *Text of Order: Denied. As noted in its November 29, 2023 Endorsed Order, the court generally does not take "judicial notice" of caselaw. See Fed. R. Evid. 201; Getty v. Petroleum Marketing, Inc. v. Capital Terminal Co., 391 F.3d 312, 322 (1st Cir. 2004) (Lipez, J., concurring) (discussing when courts take "judicial notice" of law versus facts). The court will, however, consider this case as appropriate.* **So Ordered by US Magistrate Judge Talesha L. Saint–Marc. (ko)** (Entered: 02/23/2024) |

| 02/27/2024 | | Notice regarding 18 MOTION to Dismiss, 19 MOTION to Dismiss, 20 MOTION to Dismiss: Pursuant to Local Rule 72.1, this motion has been referred to Magistrate Judge Talesha L. Saint–Marc for proposed findings of fact and a recommendation as to its disposition. Any such findings and recommendations shall be filed with the Court and a copy shall forthwith be served on all parties. (jb) (Entered: 02/27/2024) |
|---|---|---|
| 03/03/2024 | 41 | NOTICE OF INTERLOCUTORY APPEAL as to 37 Order on Report and Recommendation by Dana Albrecht.( Filing fee $ 605, receipt number ANHDC–2484311.) [NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the Forms & Notices section of the First Circuit website at www.ca1.uscourts.gov, MUST be completed and submitted to the U.S. Court of Appeals for the First Circuit.]<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at  http://www.ca1.uscourts.gov/cmecf** (Albrecht, Dana) Modified on 3/4/2024 to add: Interlocutory to the docket text(ko). (Entered: 03/03/2024) |
| 03/04/2024 | 42 | Appeal Cover Sheet as to 41 Notice of Appeal filed by Dana Albrecht. (ko) (Entered: 03/04/2024) |
| 03/04/2024 | 43 | Clerk's Certificate transmitting Record on Appeal to US Court of Appeals, documents numbered 23, 37, 41, and 42 re 41 Notice of Appeal. (ko) (Entered: 03/04/2024) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

APPEAL COVER SHEET

1.    USDC/NH Case No.   23-cv-381-JL-TSM

2.    TITLE OF CASE: Dana Albrecht v. Kathleen Sternenberg, et al .

3.    TYPE OF CASE: Civil

4.    NAME OF APPELLANT(S) & COUNSEL FOR APPELLANT(S):
      See certified copy of docket (ECF registered users not provided with a copy of docket)

5.    NAME OF APPELLEE(S) & COUNSEL FOR APPELLEE(S):
      See certified copy of docket (ECF registered users not provided with a copy of docket)

6.    NAME OF JUDGE: Joseph N. Laplante

7.    DATE OF JUDGMENT OR ORDER ON APPEAL: **January 31, 2024**

8.    DATE OF NOTICE OF APPEAL: **March 3, 2024**

9.    FEE PAID: Yes

10.   COURT APPOINTED COUNSEL: Not Applicable

11.   COURT REPORTER(S):   and DATES: None

12.   TRANSCRIPTS ORDERED/ON FILE: No

13.   HEARING/TRIAL EXHIBITS: No

14.   MOTIONS PENDING: YES  (Motions to dismiss pending against the remaining defendants (doc. no. 18-20)

15.   GUIDELINES CASE: Not Applicable

16.   RELATED CASES or CROSS APPEAL: Not applicable

17.   SPECIAL COMMENTS:   NO

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Dana Albrecht

     v.                           No. 23-cv-381-JL-TSM

Kathleen Sternenberg, et al.


CLERK'S CERTIFICATE TO
CIRCUIT COURT OF APPEALS

     I, Kellie Otis, Deputy Clerk of the United States District Court for the District of New Hampshire, do hereby certify that the following documents constitute the record on appeal to the First Circuit Court of Appeals:

     DOCUMENTS NUMBERED: 23, 37, 41, and 42

     The Clerk's Office hereby certifies the record and docket sheet available through ECF to be the certified record and the certified copy of the docket entries.

                               IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of said Court, at Concord, in said District, on this day, March 4, 2024

                               **F CP KGN'l0N| P EJ , Clerk**

                               **By: /s/ Kellie Otis, Deputy Clerk**

                               **Mar 04, 2024**

cc:  Dana Albrecht, pro se
      Linda M. Smith, Esq.
      Catherine Denny, Esq.
      Christopher George Bond, Esq.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Dana Albrecht,                                  )
                                                )
              Plaintiff                         )
       v.                                       )        Civil No. 1:23-cv-00381-JL-TSM
                                                )
Kathleen Sternenberg, et al.                    )
                                                )
              Defendants.                       )

---

**NOTICE OF APPEAL**

---

     Notice is given that Plaintiff hereby appeals to the United States Court of
Appeals for the First Circuit from the order [Doc. 37] issued on February 1, 2024,
approving the Report and Recommendation [Doc. 23] of the Magistrate Judge. The
Court of Appeals has jurisdiction pursuant to 28 U.S.C. § 1292(a)(1).



                                        Respectfully submitted,


                                        _____
                                        DANA ALBRECHT
                                            *Plaintiff Pro Se*
                                        131 Daniel Webster Hwy #235
                                        Nashua, NH 03060
                                        (603) 809-1097
                                        dana.albrecht@hushmail.com


March 3, 2024.

## <u>CERTIFICATE OF SERVICE</u>

I, Dana Albrecht, hereby certify that a copy of this *Notice* shall be served to all the parties and/or counsel of record through the ECF system.

 

 

_____
DANA ALBRECHT

March 3, 2024

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

Dana Albrecht

      v.                                   Civil No. 23-cv-381-JL-TSM

Kathleen Sternenberg, et al.

## REPORT AND RECOMMENDATION

Plaintiff Dana Albrecht, pro se, brought this civil rights suit under 42 U.S.C. § 1983 asserting claims against several defendants.  Defendant Kathleen Sternenberg moves to dismiss (doc. no. 5), arguing that she is entitled to judicial immunity as to all of Albrecht's claims against her.[1]  Albrecht objects.  For the following reasons, the court recommends that the district judge grant Sternenberg's motion to dismiss.

### Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges whether a complaint contains enough "factual matter" to show that the plaintiff has a plausible entitlement to relief under the prevailing law.  See Burt v. Bd. of Tr. of Univ. of R.I., 84 F.4th 42, 50 (1st Cir. 2023).  In evaluating whether the plaintiff has a plausible entitlement to relief, the court must accept the complaint's factual allegations as true, and it must draw all reasonable inferences in the plaintiff's favor.  Id. (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  Generally, the court may consider only the facts alleged in the complaint, exhibits attached to the complaint, and other materials that are fairly incorporated in the complaint or are subject to judicial notice such as matters of public record.  Lowe v. Mills, 68 F.4th 706, 713-14 (1st Cir. 2023); see Butler v. Balolia,

---

[1] The other defendants – Bruce DalPra, Julie Introcaso, Mark Derby, David King, and the "NH Judicial Branch" – have also filed motions to dismiss but they are presently unripe.

736 F.3d 609, 611 (1st Cir. 2013).  Finally, as a pro se litigant, Albrecht is entitled to a liberal construction of his pleadings.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### Facts

Applying that standard, the relevant facts are as follows.  This suit arises out of a separate proceeding in the New Hampshire Circuit Court, 9th Circuit, Family Division (the "family court").  The family court proceeding began after Albrecht's then-spouse, Katherine Albrecht, "obtained a civil domestic violence order of protection" against Albrecht.  Doc. no. 1 ¶ 27.  Although that order was "later dismissed," id., the family court proceeding developed into a multi-year divorce, child custody, and parental rights battle.

At some point prior to or around October 2016, then-Judge Julie Introcaso began presiding over the family court proceeding.  Introcaso appointed a marital master, defendant Bruce DalPra.  In turn, DalPra recommended that Introcaso appoint Sternenberg as guardian ad litem for the Albrechts' four children.  Introcaso approved that recommendation, appointing Sternenberg as guardian ad litem on October 13, 2016.  At the time and unknown to Albrecht, Sternenberg and Introcaso were close friends.  In particular, Introcaso had named Sternenberg godmother to one of her children, and they had vacationed together on more than one occasion.  There are no allegations that DalPra had a personal relationship with Sternenberg or Introcaso, but Albrecht alleges that DalPra learned about Sternenberg and Introcaso's relationship in 2014, and failed to disclose it to Albrecht.

After Sternenberg's appointment, Albrecht's ex-spouse filed a motion in the family court proceeding requesting permission to relocate three of their children to California.  On August 9, 2017, DalPra held a hearing on the motion at which Sternenberg "provided extensive testimony" and recommended that the court grant the motion, which it did.  See id. ¶¶ 13, 31-33.

2

In 2019, Albrecht filed a motion in the family court to hold his ex-spouse in contempt for failing to comply with the family court's parenting plan.  On May 9, 2019, DalPra held a hearing on the motion.  After the hearing, DalPra recommended that Albrecht's motion be denied, see id. ¶¶ 39-42.  Introcaso ultimately approved that recommendation.  See id. ¶ 41.  Albrecht appealed the denial of his motion for contempt to the New Hampshire Supreme Court, which denied review.

In 2020, Sternenberg and Introcaso's friendship became public, and the New Hampshire Judicial Conduct Committee began investigating Sternenberg's guardian ad litem appointments in Introcaso's cases.   Introcaso ultimately admitted to serious judicial ethics violations and resigned her judgeship.  In re Julie Introcaso, Nos. JC-19-050-C & JC-20-010-C (N.H. Judicial Conduct Comm. Feb. 19, 2021).  Moreover, Introcaso was accused of tampering with court documents, a charge for which she was later convicted after an Alford plea.  See Todd Bookman, A former N.H. judge pleads guilty to tampering with case files; given a suspended sentence, N.H. Public Radio, Nov. 15, 2021,  https://www.nhpr.org/nh-news/2021-11-15/julie-introcaso-wite-out-nh-circut-court (last visited Nov. 8, 2023).

In this suit, Albrecht brings constitutional claims against Sternenberg, Introcaso, DalPra, two other New Hampshire state judges (Mark Derby and David King), and the "NH Judicial Branch."  Albrecht brings seven claims against Sternenberg.  In six of the seven claims, Albrecht alleges that Sternenberg violated his rights to procedural and substantive due process under the Fourteenth Amendment by failing to disclose her conflict of interest when Introcaso initially appointed her in October 2016 (Counts 1 and 2); when she testified at the August 9, 2017 hearing (Counts 7 and 8); and when she testified at the May 9, 2019 hearing (Counts 11 and 12).   In addition, Albrecht brings a claim (Count 40) that Sternenberg violated his First Amendment rights under the Free Exercise and Establishment Clauses.  In relation to that claim, Albrecht alleges that,

during her testimony at the August 9, 2017 hearing, Sternenberg described the works of Italian renaissance painter Sandro Botticelli as "naked paintings" and stated that one of Albrecht's children said that she had "real problems sleeping" after seeing some of Botticelli's works during a trip with Albrecht to the Boston Museum of Fine Arts.  Doc. no. 1 ¶ 204.

In his demand for relief, Albrecht seeks "declaratory judgment[s]" against Sternenberg "for all violations of procedural due process"; "all violations of substantive due process"; and for the violation of the First Amendment; as well as "all other relief as is just and reasonable."  Doc. no. 1 at 3-4.

## Discussion

Sternenberg moves to dismiss Albrecht's claims against her, arguing that she is entitled to absolute quasi-judicial immunity because Albrecht's claims relate to her service as a court-appointed guardian ad litem.  Albrecht objects.  Among other arguments, he contends that § 1983 abrogates judicial immunity; that Sternenberg's appointment as guardian ad litem was ineffective because Introcaso should have recused herself from presiding over the family court proceeding; and that declaratory relief is available against state judicial officers under § 1983.  The court recommends that the district court grant Sternenberg's motion on the basis of quasi-judicial immunity.

Judicial immunity generally precludes lawsuits brought against judges for acts taken as part of their judicial functions.  See, e.g., Verogna v. Johnstone, 583 F. Supp. 3d 331, 337-38 (D.N.H. 2022), aff'd, No. 22-1364, 2022 WL 19795808 (1st Cir. Nov. 14, 2022), cert. denied, No. 22-7607, 2023 WL 6378181 (Oct. 2, 2023); Dominic v. Goldman, 560 F. Supp. 3d 579, 586 (D.N.H. 2021).  Judicial immunity is absolute, and it is broad.  See Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam).  That is, judicial immunity "applies no matter how erroneous the

act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive." Id. (citing Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)). "Judicial immunity applies even when the judge is accused of acting maliciously or corruptly." Davis v. Campbell, 2014 WL 234722, at *8 (N.D.N.Y. Jan. 22, 2014) (citing Imbler v. Pachtman, 424 U.S. 409, 419 n.12 (1976)); see also Gibson v. Goldston, No. 22-1757, --- F.4th ---, 2023 WL 7118522, at *3 (4th Cir. 2023) (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1872)). "Only judicial actions taken in the clear absence of all jurisdiction will deprive a judge of absolute immunity." Cok, 876 F.2d at 2.

Further, judicial immunity extends to "those who perform tasks that are inextricably intertwined with the judicial function," a doctrine known as quasi-judicial immunity. Nystedt v. Nigro, 700 F.3d 25, 30 (1st Cir. 2012). Quasi-judicial immunity "is rooted in the wise idea that those who perform adjudicative functions 'require a full exemption from liability.'" Id. (quoting Butz v. Economou, 438 U.S. 478, 508 (1978)). And, to the extent they are appointed "to aid and inform the family court," guardians ad litem "are non-judicial persons fulfilling quasi-judicial functions" who are sufficiently involved in the adjudicative process to be entitled to quasi-judicial immunity. See Cok, 876 F.2d at 3.

Sternenberg is entitled to absolute quasi-judicial immunity as to Albrecht's claims against her in this case. The family court appointed Sternenberg to serve as a guardian ad litem in the family court proceeding. Consistent with that appointment, Sternenberg undertook the precise functions – gathering information, preparing a report, and making a recommendation to the court – that entitle a guardian ad litem to quasi-judicial immunity. See id. (holding that court-appointed guardian ad litem was entitled to quasi-judicial immunity where plaintiff's due process claims amounted to "negligent performance or dereliction of duty"); Marr v. Me. Dept. of Hum. Servs.,

215 F. Supp. 2d 261, 268-69 (D. Me. July 9, 2002) ("Judicial immunity has been extended to protect the [guardian ad litem's] acts of investigating, meeting with children, making reports and recommendations to the court, and testifying in court."); Puiia v. Cross, No. 12-cv-54-PB, 2012 WL 3257824, at *2 (D.N.H. Aug. 8, 2012) (finding that guardian ad litem appointed in New Hampshire family court to "carry out certain functions related to custody proceedings" was entitled to absolute quasi-judicial immunity).  Albrecht has not alleged that he suffered any harm in relation to any acts taken by Sternenberg that were either outside her jurisdiction or beyond her quasi-judicial functions.  Compare Gibson, 2023 WL 7118522, at *5 (holding that state judge who searched a litigant's home was not entitled to judicial immunity for claims based on that act because searching a litigant's home is an executive rather than judicial function).  Accordingly, Sternenberg is entitled to absolute quasi-judicial immunity.

None of Albrecht's arguments persuade the court otherwise.  As an initial matter, Albrecht contends that § 1983 abrogates absolute judicial immunity and that qualified immunity, rather than absolute immunity, should apply in these circumstances.  But, as Albrecht acknowledges, the Supreme Court has long held that judicial immunity (and by extension, quasi-judicial immunity) applies in actions under § 1983.  E.g., Stump v. Sparkman, 435 U.S. 349, 355-56 (1978).[2]

Albrecht also argues that Sternenberg was never properly appointed in the family court proceeding, so her actions during the family court proceeding cannot be considered judicial acts.  More specifically, Albrecht asserts that Introcaso's failure to recuse herself from the family-court proceeding was itself a due process violation so any acts taken after the time Introcaso should have recused herself – including Sternenberg's appointment – are, in effect, void.  In support, Albrecht

---

[2]   In acknowledging that his argument is foreclosed by binding precedent, Albrecht contends that the Supreme Court's decisions on judicial immunity were wrongly decided and that he wishes to preserve the issue for appeal.

points to Caperton v. AT Massey Coal Co., Inc., 556 U.S. 868 (2009), and Brown v. Newberger, 291 F.3d 89 (1st Cir. 2002).  Neither case, however, supports Albrecht's arguments.

To start, the First Circuit rejected Albrecht's reasoning in Brown v. Newberger.  In Brown, the plaintiffs argued that two court-appointed sexual abuse evaluators were not entitled to quasi-judicial immunity because they were never properly appointed by the court.  291 F.3d at 94.  But the court declined to examine whether any defect existed in the defendants' appointments, stating instead that "[t]he essential fact is that both defendants were operating at the request of the court." Id.  The court reasoned that "[w]ere collateral and retrospective attacks on technical defects of court appointments permitted, the court's work in an already difficult litigation field would often be undone, with consequent uncertainty, delay, and frustration."  Id.  The court thus held that both defendants were entitled to quasi-judicial immunity, notwithstanding the plaintiffs' attack on the validity of their appointments.  See id. at 94-95.  Similarly, here, even if Introcaso should not have appointed Sternenberg for one reason or another, the "essential fact" remains that Sternenberg acted at the state court's request.  Albrecht's after-the-fact, collateral challenges to Sternenberg's appointment cannot undermine her entitlement to quasi-judicial immunity.  See id.

The Supreme Court's decision in Caperton also does not help Albrecht.  In Caperton, the Supreme Court reversed, on federal due process grounds, a West Virginia Supreme Court justice's refusal to recuse himself from a case where he had received large campaign contributions from a litigant.  556 U.S. at 884-87.  Because the justice should have recused himself, the Supreme Court vacated the West Virginia Supreme Court's decision on its merits and remanded the matter for rehearing.  See id. at 872, 889-90.  Importantly, however, the Supreme Court's decision in Caperton came on direct appeal from the matter in which the petitioner's motion to recuse had

been denied, not, as here, in a collateral civil rights lawsuit where the judicial officers themselves are named as defendants.[3]

Next, Albrecht asserts that judicial immunity does not apply because he seeks declaratory relief in this case rather than money damages. It is true that declaratory relief may be available against a state judicial officer notwithstanding judicial immunity. See Justice Network Inc. v. Craighead Cnty., 931 F.3d 753, 763 (8th Cir. 2019) ("Currently, most courts hold that the amendment to § 1983" that generally bars injunctive relief "does not bar declaratory relief against judges."); Allen v. DeBello, 861 F.3d 433, 442 (3d Cir. 2017) (discussing circumstances when declaratory relief may be available against judges in § 1983 suits).[4] But "[a] declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act." Justice Network Inc., 931 F.3d at 764 (quoting Lawrence v. Kuenhold, 271 Fed. Appx. 763, 766 (10th Cir. 2008)). Therefore, a statement that a state judge's prior actions violated federal law does not "satisfy the definition of 'declaratory judgment.'" See id.; Lawrence, 271 Fed. Appx. at 766 ("What [plaintiffs] are seeking is a declaration of past liability, not future rights between them and Judge Kuenhold. A declaratory judgment would serve no purpose here and thus, is not available."); Davis, 2014 WL 234722, at

---

[3] Albrecht also cites Rippo v. Baker, 580 U.S. 285 (2017), which vacated a Nevada Supreme Court judgment on the ground that it applied the wrong legal standard to a due process claim based on a judge's failure to recuse himself. Like Caperton, Rippo came in the context of a direct appeal to the Supreme Court from the state court matter as opposed to a separate lawsuit against the judicial officers themselves. Id.

[4] In 1984, the Supreme Court held that judicial immunity does not prohibit suits against state court judges under § 1983 for prospective injunctive relief. Pulliam v. Allen, 466 U.S. 522, 541-42 (1984). Congress, however, abrogated Pulliam by amending § 1983 to state that injunctive relief "shall not be granted" in any action "brought against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; see Bolin v. Story, 225 F.3d 1234, 1240 (11th Cir. 2000).

*9 (finding that request for declaratory judgment that "past actions that occurred in the context of the Family Court proceedings violated [the plaintiff's] constitutional rights" was a retrospective rather than prospective request, even though framed in "future terms"); see also Green v. Mansour, 474 U.S. 64, 73 (1985) (holding that declaratory judgment was unavailable where "[t]here is no claimed continuing violation of federal law" and no "threat of state officials violating" the challenged law in the future). Indeed, the First Circuit has indicated that such a declaratory judgment would typically be an impermissible advisory opinion. ACLU of Mass. v. U.S. Conference of Catholic Bishops, 705 F.3d 44, 53 (1st Cir. 2013) ("With limited exceptions, not present here, issuance of a declaratory judgment deeming past conduct illegal is also not permissible as it would be merely advisory.").

At most, Albrecht requests declaratory judgments against Sternenberg that would state that her past actions violated his rights under the First and Fourteenth Amendments.[5] That kind of judgment would merely declare Sternenberg's "liability for a past act." See Justice Network, 931 F.3d at 763. So, even though Albrecht characterizes the relief that he seeks as declaratory, what he seeks does not "satisfy the definition of declaratory judgment" in function. See id. For that reason, the exception to judicial immunity for certain claims seeking declaratory relief does not apply.

Lastly, Albrecht argues that the court cannot dismiss the claims against Sternenberg "without having first formed any opinion about the claims against" Introcaso. Doc. no. 12-1 at 17. For the reasons already explained, however, Sternenberg is entitled to absolute quasi-judicial immunity here regardless of how Albrecht's claims against Introcaso are resolved.

---

[5] Albrecht's complaint is unclear about the precise declaratory judgment he seeks, as he only asks the court to "[i]ssue declaratory judgment in favor of Plaintiff for all violations" of the constitution alleged. Doc. no. 1 at 31-32.

In his objection, Albrecht also asks for an opportunity to amend his complaint. Sternenberg's motion to dismiss, however, gave Albrecht notice of the defects in his complaint, and Albrecht could have amended the complaint at that time instead of resting on the complaint as presented. See Fed. R. Civ. P. 15(a)(1)(B); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 36-37 (1st Cir. 2001) (observing that a motion to dismiss generally provides pro se litigants reasonable notice of potential dismissal and an opportunity to respond by either objecting or amending the complaint as of right). Furthermore, Albrecht did not indicate what he would add or change in an amended pleading that would affect the outcome considering the breadth of absolute quasi-judicial immunity. Cf. LR 15.1(a) (requiring any party who moves to amend to file a proposed amended complaint to the motion to amend).

## Conclusion

For the foregoing reasons, the district judge should grant Sternenberg's motion to dismiss (doc. no. 5). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The objection period may be extended upon motion. Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

December 11, 2023
cc:    Dana Albrecht, pro se
       Counsel of Record

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Dana Albrecht

                v.                          Case No. 23-cv-381-JL-TSM

Kathleen Sternenberg, et al.

                              ORDER

        After due consideration of the objection filed, I herewith

approve the Report and Recommendation of Magistrate Judge Talesha L.

Saint-Marc dated December 11, 2023.


                                    _____
                                    Joseph N. Laplante
                                    United States District Judge


Date: January 31, 2024

cc:  Dana Albrecht, pro se
     Linda M. Smith, Esq.
     Catherine Denny, Esq.
     Chistopher George Bond, Esq.