# United States Court of Appeals
## For the First Circuit

No. 24-1217

DANA ALBRECHT,

Plaintiff - Appellant,

v.

KATHLEEN STERNENBERG, in her official capacity as a Guardian ad Litem appointed to serve in the New Hampshire Circuit Court, Family Division; BRUCE F. DALPRA, in his official capacity as a former Marital Master in the New Hampshire Circuit Court, Family Division; JULIE A. INTROCASO, in her official capacity as a former judge in the New Hampshire Circuit Court, Family Division; MARK SUTHERLAND DERBY, in his official capacity as a judge in the New Hampshire Circuit Court, Family Division; DAVID D. KING, in his official capacity as an Administrative Judge of the New Hampshire Circuit Court; NH JUDICIAL BRANCH,

Defendants - Appellees.

### ORDER OF COURT

Entered: April 19, 2024
Pursuant to 1st Cir. R. 27.0(d)

Plaintiff-appellant Dana Albrecht has filed a notice appeal in civil action No. 1:23-cv-00381-JL-TSM (D. Mass.) from the district court's order (D.E. No. 37) approving Judge Talesha L. Saint-Marc's report and recommendation dated December 11, 2023, effectively granting a motion to dismiss by defendant Kathleen Sternenberg on grounds of absolute immunity. Because the order appealed from does not appear to be final or appealable on an interlocutory basis, this court does not appear to have jurisdiction to review this appeal. See 28 U.S.C. §§ 1291, 1292. See also Branson v. City of Los Angeles, 912 F.2d 334, 335 (9th Cir. 1990) (order granting immunity from suit may be "fully and effectively reviewed after final judgment[]"); Franzen v. Federal Land Bank, 897 F.2d 973, 974 (8th Cir. 1990) (court lacked jurisdiction over appeal from order granting summary judgment based on absolute immunity where claims against other parties remained pending); Theis v. Smith, 827 F.2d 260, 261 (7th Cir. 1987) (order granting defendant absolute immunity from § 1983 claims not reviewable under collateral order doctrine); Thompson v. Betts, 754 F.2d 1243, 1246 (5th Cir. 1985) (collateral-order doctrine not applicable if district court accepts public official's claim of absolute immunity).

Accordingly, plaintiff-appellant shall either to move for voluntary dismissal of this appeal pursuant to Fed. R. App. P. 42(b), or to show cause, in writing filed by **May 3, 2024**, why it should not be dismissed for lack of jurisdiction. The failure to take either action will lead to dismissal of

the appeal for lack of diligent prosecution.  See 1st Cir. R. 3.0(b).

          By the Court:

          Maria R. Hamilton, Clerk

cc:
Dana Albrecht
Linda M. Smith
Samuel R. V. Garland
Catherine Denny