## UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

| | | |
|---|---|---|
| **Dana Albrecht,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **Civil No. 24-1217** |
| | ) | |
| **Kathleen Sternenberg, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD AND
### TO LODGE DOCUMENTS IN
### KATHERINE ALBRECHT V. DANA ALBRECHT,
### NO. 659-2019-DV-00341

---

NOW COMES Plaintiff Dana Albrecht, *pro se*, and respectfully requests for this Court to supplement the record and to lodge certain documents in the New Hampshire state case of *Katherine Albrecht v. Dana Albrecht*, No. 659-2019-00341. In support thereof, Plaintiff further states:

1. Any materials not already part of the lower federal district court record are public records of documents in state court trial docket(s), or directly related appellate docket(s). N.H. Const. Pt. I, Art. 8. *See also Petition of Union Leader Corp.*, 147 N.H. 603 (2002).

2. The Court "can and should take notice of the laws and judicial decisions of the several States of this Union." *Pennington v. Gibson*, 57 U.S. 65, 81 (1853).

3. The materials are provided further to support Plaintiff's argument at ¶¶33-34 of his *Response to Show Cause Order*, filed June 3, 2024 in this Court.

4.  Plaintiff does not believe there is a need for any detailed *substantive* review of these materials by this Court. Nevertheless Plaintiff does not object, if this Court, for any reason, disagrees and would prefer to undertake such review of its own accord.

5.  Rather, these materials are provided with the limited intent *to clarify* the *procedural history* and *current status* of related state court dockets, as well as what are Plaintiff's *future obligations* in the related state court dockets.

6.  For purposes of clarity, a small number of documents are either duplicate or corrected versions[1] of documents already part of the lower federal court record.

7.  Plaintiff also wishes to notify this Court that <u>upcoming</u> *Oral Argument* in the NH Supreme Court appeal of <u>*Campbell v. Partello*, No. 2023-0521, No. 659-2018-DM-00702</u> is currently scheduled for **9:00 am on Thursday, June 6, 2024.**

8.  <u>*Campbell v. Partello*</u> is <u>directly</u> related to this case; indeed, many orders from <u>*Campbell v. Partello*</u> are already part of the lower federal court record, as well as other documents referring to <u>*Campbell v. Partello*</u>. *See, e.g.* [Doc 36-2](); [Doc 36-6](); [Doc 36-7](); [Doc 36-8](); [Doc 36-9](); [Doc 36-10](); [Doc 36-11](), that all accompany the *Objection* ([Doc 36]()) and *Memorandum of Law in Support of Objection* ([Doc 36-1]()) to the federal Magistrate's *Report and Recommendations* ([Doc 23]()).

9.  Plaintiff respectfully suggests that, had all claims in Plaintiff's initial federal complaint ([Doc 1]()) filed August 4, 2023 already been fully adjudicated, and a final judgment already rendered, such judgment *would have been directly relevant* to the upcoming June 6, 2023 Oral Argument in <u>*Campbell v. Partello*</u> (at ¶7). At issue in *that* state court appeal, *inter alia*, is whether the state trial court erred in allowing Ms. Sternenberg to remain on the case.

10. This underscores Plaintiff's argument that the federal district court erred in denying Plaintiff declaratory relief, when it essentially stated ([Doc 23]()) (at pp. 8-9, citations omitted, and "cleaned up") that:

---

[1]  The transcript of the November 15, 2023 state court hearing provided with this pleading contains numerous scrivener's corrections to the very poor quality transcript of the same hearing that is in the lower federal district court record as [Doc 36-14]().

Therefore, a statement that a state judge's prior actions violated federal law does not satisfy the definition of a declaratory judgment. What plaintiffs are seeking is a declaration of past liability, not future rights between them and [a judicial officer]. A declaratory judgment would serve no purpose here and thus is not available. Requesting a declaratory judgment that past actions in the context of the Family Court proceedings violated the plaintiff's constitutional rights is a retrospective rather than prospective request, even if framed in future terms. Declaratory judgment is unavailable where there is no claimed continuing violation of federal law and no threat of state officials violating the challenged law in the future. The First Circuit has indicated that such a declaratory judgment would typically be an impermissible advisory opinion. With limited exceptions, issuance of a declaratory judgment deeming past conduct illegal is also not permissible as it would be merely advisory.

11. Plaintiff also wishes to notify this Court that he has only *very recently* been served with an *Order* (May 31, 2024) from the NH Supreme Court requiring, *inter alia*, that:

> On or before June 10, 2024, D.A. shall file a written notice that identifies, with specificity, any issues still pending before the trial court that relate to the existing issues presented in this appeal as well as new issues that arose from the hearing on remand. No further extensions of time shall issue. Failure to comply with this order may result in dismissal of the appeal.

12. Ms. Sternenberg *refused to appear* at the November 15, 2023 state court hearing on remand, and *refused to offer any opinion* as to the reasons Plaintiff's ex-wife might have any reasonable fear for her safety based on Ms. Sternenberg's prior testimony in the "112 page pleading" ([Doc 36-16](#)).

13. Plaintiff's ex-wife *specifically articulated her fear* of this pleading (at ¶12), which is discussed in the November 15, 2023 trial court hearing. *See* transcript at 43:24-25 and 44:1.[2] *See also* November 15, 2023 email from Plaintiff's ex-wife's former counsel.

---

2    Wherein Plaintiff's ex-wife's former counsel stated "And in fact, there'll be specific evidence presented tomorrow as to the basis for my client's continued concern for her safety," referring to "Exhibit 9" that was the "112 page pleading" ([Doc 36-16](#)).

14. These additional *subsequent events* <u>further underscore</u> Plaintiff's argument that the federal district court erred in denying Plaintiff declaratory relief **(at ¶10),** because the recent trial court hearing **(at ¶¶12-13)** and the NH Supreme Court's <u>very</u> recent *Order* **(at ¶11)** both occurred <u>after</u> the Magistrate's *Report and Recommendations* **([Doc 23](Doc 23))** dated December 11, 2023.

15. For the foregoing reasons, this Court should consider the *procedural history* and *current status* of related state court dockets, as well as what are Plaintiff's *future obligations* in the related state court dockets.

16. Moreover, *and very specifically*, this Court should consider the recent <u>June 10, 2024 deadline</u> that was <u>just</u> imposed upon Plaintiff by the New Hampshire Supreme Court, in light of Ms. Sternenberg's refusal to testify during the relevant November 2023 state court hearing(s) on remand from the New Hampshire Supreme Court.

17. For the foregoing reasons, this Court should grant *Plaintiff's Motion to Supplement the Record* and lodge the relevant documents, so that it is better able to construe what is the *current status* of related state court dockets, as well as what are Plaintiff's *future obligations* in related state court dockets.

WHEREFORE Plaintiff Dana Albrecht respectfully requests that this Court:

A) Grant this motion; and,

B) Provide such relief as is consistent with ¶¶1-17, *supra*; and,

C) For all other such relief as is just and equitable.


Respectfully submitted,

_____
DANA ALBRECHT
    *Plaintiff Pro Se*
131 Daniel Webster Hwy #235
Nashua, NH 03060
(603) 809-1097
dana.albrecht@hushmail.com

June 4, 2024.


## CERTIFICATE OF SERVICE


I, Dana Albrecht, hereby certify that a copy of this *Motion* shall be served to all the parties and/or counsel of record through the ECF system.

_____
DANA ALBRECHT

June 4, 2024