# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

HILLSBOROUGH COUNTY

9th CIRCUIT – FAMILY DIVISION – NASHUA



**In the Matter of:**
**Katherine Albrecht v. Dana Albrecht**
**Case No. 659-2019-DV-00341**
**Supreme Court Case No. 2023-0181**

## REPORT TO SUPREME COURT REGARDING ORDER ON FURTHER EXTENSION OF DOMESTIC VIOLENCE PROTECTIVE ORDER

On May 5, 2023, the Supreme Court issued the following order:

> On or before May 25, 2023 the 9th Circuit Court – Nashua Family Division shall submit a brief report informing this court as to whether its February 24, 2023 "Order on Further Extension of Domestic Violence or Stalking Final Protective Order" was a final order on the merits, or whether the court intended to hold a hearing on the requested extension of the protective order.

This report is to explain the thinking underlying this Court's February 24, 2023 Order on Further Extension, and it's scheduling of a hearing on that Order.

On February 25, 2022, the Court issued an Order on Objection to Extension of DV/Stalking Final Order (Index #140), ruling that the plaintiff had shown good cause why the Extension Order is necessary based upon the evidence presented at the hearing. The Extension Order was to remain in effect until February 25, 2023.

The plaintiff filed her Request for Renewal of DV/Stalking Order (Index #160) on February 6, 2023. The following day, the defendant filed an "EX PARTE Motion to Stay and for Explanation of December 21, 2020 Extension" (Index #165), to which the plaintiff objected (Index #166). The Court denied the request for ex parte orders without a hearing. (Index #167). Subsequently, the defendant objected to the plaintiff's Request for 5-Year Extension (Index #168), and the plaintiff filed a Replication to the Objection (Index #173). On February 21, the same date she filed the Replication, the plaintiff also filed a Motion to Amend and Request for Extension of Domestic Violence Final Protective Order (#171). Although the defendant moved to strike the Plaintiff's Motion to Amend (Index #174), the motion to strike was denied because DV Protocol 6.11 allows for amendment of pleadings.

On the final day the plaintiff's final DVPO was effective, February 24, 2023, the Court granted the plaintiff a one-year extension to the Protective Order. (Index #177, 179.) Although the defendant did not request a hearing in either his February 16, 2023 "Objection to Plaintiff's Request for 5 Year Extension" (Index #168), or in his March 20, 2023 "Ex Parte Motion for Clarification of Order on

Further Extension Dated Feb 24, 2024" (Index #182), the Court scheduled a hearing on the extension for March 30, 2023.

> Domestic Violence Protocol 9-11 provides, in pertinent part:
>
> If the Court grants the extension based upon plaintiff's showing of good cause, <u>the court shall send a copy of the plaintiff's motion and the extension order to the defendant</u>. Included with this mailing shall be notice to the defendant of the right to object within ten days, and that <u>if an objection is filed, a hearing will be scheduled on defendant's objection within 30 days of the extension</u>. No hearing is needed unless an objection is timely filed.

(Emphasis added.) Protocol 9-11 is silent on whether a hearing should be scheduled if the defendant files an objection prior to the Court rendering a decision on a request for an extension. Typically, a defendant does not file an objection until after the Court renders a decision on the plaintiff's request for an extension, as the defendant is not aware of the request until the Court sends the request with the extension order.

In this case, however, the defendant filed his objection prior to the Court granting the extension, so the defendant's position was known to the Court when the extension was granted. The defendant did not file an objection within 10 days of the February 24, 2023 extension order. This case is unusual, however, inasmuch as the Court does not usually have a defendant's objection when deciding whether to grant or to deny the extension. As noted above, typically, the defendant is unaware of the plaintiff's request for an extension until after the Court issues a decision on the request. Further, the protective order that is being extended is currently pending on appeal. Because of these complicating factors, the Court scheduled a hearing despite the defendant's lack of express request for such a hearing after the Court granted the extension of the protective order.

The Supreme Court has asked whether this Court's February 24, 2023 protective order "was a final order on the merits, or whether the court intended to hold a hearing on the requested extension of the protective order." The Court intended to issue a final order on the merits, finding that the plaintiff continued to show good cause for the extension of the protective order, over the defendant's written objection (Index #168). Even though the defendant did not file an objection within 10 days after the extension order issued, the Court scheduled a hearing given the novel issue of whether a hearing should be scheduled when the defendant filed the objection <u>before</u> the Court granted the extension.

The March 30, 2023 hearing was meant to include the parties' presentations on the plaintiff's Motion to Quash Subpoena of Plaintiff's Lawyer's Paralegal (<u>see</u> Index #s 185 – 188, 191). On March 29, however, the day before the hearing was to take place, the defendant appealed this Court's ruling to the New Hampshire Supreme Court (Index #189). He filed another motion in this Court the same date, an Expedited Motion to Strike Prior Testimony (Index #192). Recognizing that the appeal divested this Court of jurisdiction, <u>see</u> Rautenberg v. Munnis, 107 N.H. 446, 447 (1966), this Court issued an Order effectively staying proceedings pending appeal (Index #193).

| | |
|---|---|
| May 22, 2023 | _____ |
| Date | Hon. Kevin Rauseo, Judge |