FILED - USDC -NH
2023 AUG 4 PH 1:34

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **DANA ALBRECHT,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
|     **v.** ) | **Civil No.** _____ |
| ) | |
| **KATHLEEN STERNENBERG,** in her ) | |
| official capacity as a *Guardian ad Litem* ) | |
| appointed to serve in the New Hampshire ) | |
| Circuit Court, Family Division, ) | |
| ) | |
| **BRUCE F. DALPRA,** in his official capacity ) | |
| as a former Marital Master in the New ) | |
| Hampshire Circuit Court, Family Division, ) | |
| ) | |
| **JULIE A. INTROCASO,** in her official ) | |
| capacity as a former judge in the New ) | |
| Hampshire Circuit Court, Family Division, ) | |
| ) | |
| **MARK S. DERBY,** in his official capacity ) | |
| capacity as a judge in the New Hampshire ) | |
| Circuit Court, Family Division, ) | |
| ) | |
| **DAVID D. KING,** in his official capacity ) | |
| capacity as a Administrative Judge of the ) | |
| New Hampshire Circuit Court, ) | |
| ) | |
| **NEW HAMPSHIRE JUDICIAL BRANCH,** ) | |
| ) | |
|     **Defendants.** | |

---

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS,
## AND DECLARATORY JUDGMENT.

---

## Table of Contents

INTRODUCTION.....................................................................................4

PARTIES............................................................................................4

JURISDICTION AND VENUE....................................................................5

FACTS PLEAD.....................................................................................5

    Other Relevant Individuals................................................................6

    Conflicts of Interest........................................................................6

    History of Plaintiff's Family Law Case..................................................7

MATTERS OF LAW PLEAD COMMON TO ALL COUNTS...............................13

CAUSES OF ACTION...........................................................................15

    COUNT ONE..............................................................................15

    COUNT TWO..............................................................................16

    COUNT THREE...........................................................................16

    COUNT FOUR.............................................................................16

    COUNT FIVE..............................................................................17

    COUNT SIX................................................................................17

    COUNT SEVEN...........................................................................17

    COUNT EIGHT............................................................................18

    COUNT NINE..............................................................................18

    COUNT TEN...............................................................................19

    COUNT ELEVEN.........................................................................19

    COUNT TWELVE.........................................................................19

    COUNT THIRTEEN......................................................................20

    COUNT FOURTEEN.....................................................................20

    COUNT FIFTEEN........................................................................20

    COUNT SIXTEEN........................................................................21

    COUNT SEVENTEEN...................................................................21

    COUNT EIGHTEEN......................................................................21

    COUNT NINETEEN......................................................................22

    COUNT TWENTY.........................................................................22

    COUNT TWENTY ONE..................................................................23

    COUNT TWENTY TWO..................................................................23

    COUNT TWENTY THREE...............................................................23

    COUNT TWENTY FOUR................................................................24

    COUNT TWENTY FIVE..................................................................24

    COUNT TWENTY SIX....................................................................25

    COUNT TWENTY SEVEN...............................................................25

    COUNT TWENTY EIGHT...............................................................25

    COUNT TWENTY NINE.................................................................26

    COUNT THIRTY..........................................................................26

COUNT THIRTY ONE................................................................................26
COUNT THIRTY TWO...............................................................................27
COUNT THIRTY THREE............................................................................27
COUNT THIRTY FOUR..............................................................................28
COUNT THIRTY FIVE...............................................................................28
COUNT THIRTY SIX.................................................................................28
COUNT THIRTY SEVEN............................................................................29
COUNT THIRTY NINE...............................................................................29
COUNT FORTY.........................................................................................30
PRAYERS FOR RELIEF.............................................................................31
JURY DEMAND.........................................................................................32
LIST OF EXHIBITS...................................................................................34

**INTRODUCTION**

1.     This is a civil rights action brought pursuant to 42 U.S.C. § 1983 seeking declaratory relief that the defendants' failure to disclose various conflicts of interest and other relevant materials to Plaintiff in a timely fashion during the course of Plaintiff's family law case violated Plaintiff's procedural and substantive due process rights under the Fourteenth Amendment.

**PARTIES**

2.     Plaintiff Dana Albrecht is a citizen of the United States and a resident of Nashua, New Hampshire.

3.     Defendant Kathleen Sternenberg was the court appointed *Guardian ad Litem* in Plaintiff's family law case, *ITMO Dana Albrecht & Katherine Albrecht*, No. 659-2016-DM-00288, New Hampshire Circuit Court, 9th Circuit, Family Division.

4.     Defendant Bruce F. DalPra was a New Hampshire Marital Master who issued recommendations in Plaintiff's family law case, *ITMO Dana Albrecht & Katherine Albrecht*, No. 659-2016-DM-00288, New Hampshire Circuit Court, 9th Circuit, Family Division.

5.     Defendant Julie A. Introcaso was a New Hampshire Judge who issued orders in  in Plaintiff's family law case, *ITMO Dana Albrecht & Katherine*

- 4 -

*Albrecht*, No. 659-2016-DM-00288, New Hampshire Circuit Court, 9th Circuit, Family Division.

6.     Defendant Mark S. Derby is a New Hampshire Judge who issued orders in Plaintiff's family law case, *ITMO Dana Albrecht & Katherine Albrecht*, No. 659-2016-DM-00288, New Hampshire Circuit Court, 9th Circuit, Family Division.

7.     Judge David D. King is the Chief Administrative Judge of the New Hampshire Circuit Court.

8.     The New Hampshire Judicial Branch is an organization consisting of the various state courts located in the State of New Hampshire.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983. The Court has jurisdiction over the request for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

10.     Venue is proper in the District of New Hampshire pursuant to 28 U.S.C. § 1391.

## FACTS PLEAD

11.     Plaintiff is a party to a family law matter, *ITMO Dana Albrecht & Katherine Albrecht*, New Hampshire Circuit Court, 9th Circuit, Family Division, Nashua, No. 659-2016-DM-00288.

- 5 -

12.     This matter, *supra*, also has various related dockets in the New Hampshire Judicial Branch, related to civil petitions involving allegations of domestic violence, and various appellate dockets in the New Hampshire Supreme Court.

13.     This matter, *supra*, also has a related UCCJEA docket in California, Superior Court, Pasadena Courthouse, County of Los Angeles, No. 21PDFL00970.

14.     This matter, *supra*, also has a related UCCJEA docket in Michigan, 31st Circuit Court, St. Clair County, Michigan, No. 21-000769-UN.

**Other Relevant Individuals**

15.     Judge Paul S. Moore was a former judge of the New Hampshire Circuit Court.

16.     Mary Ann Dempsey was former general counsel for the New Hampshire Judicial Branch.

17.     Katherine Albrecht is the Plaintiff's ex-wife.

18.     Plaintiff and Katherine Albrecht had four children together during their marriage, P.A., C.A., S.A., and G.A.

**Conflicts of Interest**

19.     Kathleen Sternenberg and former judge Julie Introcaso are very good friends.

20.    Kathleen Sternenberg is godmother to one of Julie Introcaso's children.

21.    Kathleen Sternenberg has taken vacations together with Julie Introcaso, on more than one occasion, to see some plays at Niagara by the Lake in New York.

22.    Kathleen Sternenberg has discussed financial issues with Julie Introcaso.

23.    On May 1, 2014, Kathleen Sternenberg and Julie Introcaso both mutually acknowledged their relationship on the record, in open court, in an otherwise unrelated different family law matter, *ITMO Sobell v. Sobell*, No. 659-2013-DM-00348.

24.    Concerning this conflict, Julie Introcaso testified in her February 8, 2021 deposition (at 61:21) that "Bruce [DalPra] has known that for seven years."

25.    Bruce F. DalPra was aware of the conflict between Julie Introcaso and Kathleen Sternenberg since 2014.

26.    Judge Mark S. Derby was aware of the conflict between Julie Introcaso and Kathleen Sternenberg since at least April 26, 2019.

**History of Plaintiff's Family Law Case.**

27.    On April 8, 2016, Plaintiff's family law matter commenced when Katherine Albrecht obtained a civil domestic violence order of protection from former judge Paul S. Moore, that was later dismissed.

28.     On October 13, 2016, Bruce DalPra recommended the appointment of
Kathleen Sternenberg as *Guardian ad Litem* (GAL) in Plaintiff's family law matter.

29.     On October 13, 2016, Julie Introcaso issued an order approving Bruce
DalPra's recommendation that Kathleen Sternenberg be appointed as GAL.

30.     At the time the October 13, 2016 order was issued, despite that
Kathleen Sternenberg, Bruce DalPra, and Julie Introcaso were all aware of the
relevant conflict of interest, none of them disclosed this conflict to Plaintiff.

31.     On August 9, 2017 a hearing was held over which Bruce DalPra
presided, and Kathleen Sternenberg provided extensive testimony, but neither
Bruce DalPra or Katheleen Sternenberg disclosed the relevant conflicts.

32.     During the August 9, 2017 hearing, Kathleen Sternenberg
recommended that Plaintiff's children C.A., S.A., and G.A. be relocated from New
Hampshire to California.,

33.     On September 1, 2017, Bruce DalPra then recommended that
Katherine Albrecht's desire to relocate with the children C.A., S.A., and G.A. to
California was for a legitimate purpose and that the relocation was reasonable under
the circumstances.

34.     On July 5, 2018, former judge Paul S. Moore, who issued the very first
order in Plaintiff's family law case (¶27, *supra*), was disbarred.

- 8 -

35.   On March 15, 2019, Julie Introcaso recused herself in a different case, *Campbell v. Partello*, No. 659-2018-DM-00702 where Kathleen Sternenberg was recommended as GAL by Bruce DalPra and Julie Introcaso appointed her.

36.   On April 26, 2019, Judge Mark S. Derby issued an order in a different case, *Campbell v. Partello*, No. 659-2018-DM-00702, that is, however, relevant.

37.   Judge Derby's April 26, 2019 order, *supra*, indicates that at least by that time (if not earlier) Judge Derby was also aware of the conflict between Kathleen Sternenberg and Julie Introcaso.

38.   On May 9, 2019, a hearing was held in Plaintiff's case concerning, *inter alia*, Plaintiff's allegations that Katherine Albrecht was in contempt of the New Hampshire court's *Parenting Plan*.

39.   Bruce DalPra presided over the May 9, 2019 hearing, but still did not disclose the conflict between Kathleen Sternenberg and Julie Introcaso to Plaintiff.

40.   On May 30, 2019, Bruce DalPra made recommendations from the May 9, 2019 hearing.

41.   On May 30, 2019, Julie Introcaso issued an order based on Master DalPra's recommendations.

42.   On June 28, 2019, Bruce DalPra made a recommendation to deny Plaintif's *Motion for Reconsideration* of Julie Introcaso's May 30, 2019 *Order*.

43.   On June 30, 2019, Judge Mark Derby ordered that Master DalPra's recommendation, *supra*, be approved.

- 9 -

44.   Prior to issuing his June 30, 2019 order, Judge Mark Derby did not disclose to Plaintiff the conflict of interest between Kathleen Sternenberg and Julie Introcaso.

45.   Plaintiff subsequently requested *certiorari* that the New Hampshire Supreme Court review Julie Introcaso's May 30, 2019 Order, and Judge Mark Derby's June 30, 2019 Order.

46.   Denial of *certiorari* by either the New Hampshire Supreme Court or the United States Supreme Court imparts <u>no opinion</u> on a decision by a lower court, and <u>no opinion</u> on the merits of a case. *See*, e.g. *Maryland v. Baltimore Radio Show*, 338 U.S. 912 (1950); *State v. Cooper*, 127 N.H. 119, 125 (1985); *Missouri v. Jenkins*, 515 U.S. 70, 85 (1995).

47.   On September 16, 2019, the New Hampshire Supreme Court denied *certiorari* in a discretionary appeal (No. 2019-0436) of Julie Introcaso's May 30, 2019 *Order*, and Judge Mark Derby's June 30, 2019 *Order*.

48.   On October 15, 2019, the New Hampshire Supreme Court denied reconsideration of its September 16, 2019 *Order*.

49.   On December 20, 2019, a hearing was held over which Judge Mark Derby presided.

50.   During the December 20, 2019 hearing, Plaintiff was questioned about Julie Introcaso's May 30, 2019 *Order*.

- 10 -

51.    Judge Derby did not disclose the conflict between Julie Introcaso and Kathleen Sternenberg to Plaintiff during the December 20, 2019 hearing, nor at any time prior.

52.    During the December 20, 2019 hearing, had Plaintiff been aware of the conflict between Julie Introcaso and Kathleen Sternenberg, Plaintiff would have responded differently to the questions about Julie Introcaso's May 30, 2019 *Order*.

53.    On February 3, 2020, Administrative Judge David King sent an email to the New Hampshire Judicial Conduct Committee about judicial misconduct by Julie Introcaso.

54.    On October 15, 2020, Katherine Albrecht purchased a home in East China, Michigan.

55.    On October 22, 2020, New Hampshire Supreme Court Justice Gary Hicks wrote to (then) New Hampshire Attorney General Gordon MacDonald about Julie Introcaso's misconduct.

56.    On October 23, 2020, the New Hampshire Union Leader published a story about Julie Introcaso and Kathleen Sternenberg.

57.    Plaintiff first learned about the conflict between Julie Introcaso and Kathleen Sternenberg by means of the New Hampshire Union Leader, and was completely unaware of this conflict prior to the publication of this story.

58.    On October 26, 2020, (then) NHJB General Counsel Mary Ann Dempsey wrote an email to JCC Counsel Philip Waystack about Judge Mark Derby.

59. On November 6, 2020, a telephonic hearing was held in Plaintiff's family law case before Bruce DalPra during which Bruce DalPra committed proven judicial misconduct.

60. On November 13, 2020, Judge David King wrote an email to Bruce DalPra about Bruce DalPra's misconduct.

61. On January 18, 2021, Judge Derby's deposition was taken in connection with Julie Introcaso's misconduct.

62. On February 8, 2021, Julie Introcaso's deposition was taken.

63. Julie Introcaso testified (at 164-166) about Plaintiff's family law case in her February 8, 2021 deposition.

64. Julie Introcaso wrote a letter of resignation dated February 22, 2021.

65. On March 23, 2021, the New Hampshire Supreme Court issued its *Final Order* on Julie Introcaso's judicial misconduct.

66. On May 28, 2021, (then) NHJB General Counsel Mary Ann Dempsey denied Plaintiff's request for copies of relevant deposition transcripts.

67. On July 15, 2021, Plaintiff and Katherine Albrecht were ordered to attend a UCCJEA hearing in Michigan.

68. On February 15, 2022, Julie Introcaso wrote an email to Plaintiff discussing Plaintiff's case.

69. On February 25, 2022, Julie Introcaso was disbarred.

70. On August 26, 2022, the deposition of Judge David King was taken.

71.   Judge David King's deposition, *supra*, discusses Plaintiff's case.

72.   Judge David King's deposition, *supra*, discusses (at 26:12-16) that Judge David King told the New Hampshire Judicial Conduct Committee what he "had found regarding the transcript in the Albrecht case."

73.   On November 10, 2022, the New Hampshire Supreme Court issued its Final Order determining that Bruce DalPra had committed judicial misconduct in Plaintiff's case.

## MATTERS OF LAW PLEAD COMMON TO ALL COUNTS

74.   A document filed *pro se* is to be liberally construed, and all such pleadings shall be so construed as to do substantial justice. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

75.   "The liberty interest of parents in the care, custody, and control of their children is perhaps the oldest of the fundamental liberty interests recognized by the United States Supreme Court." *Troxel v. Granville*, 530 U.S. 57, 65 (2000). Indeed, "the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children." *Troxel* at 66.

76.   "Loyalty to a client is … impaired when a lawyer cannot consider, recommend or carry out an appropriate course of action for the client because of the lawyer's other responsibilities or interests. The conflict in effect forecloses

- 13 -

alternatives that would otherwise be available to the client." *Fiandaca v. Cunningham*, 827 F. 2d 825, 829 (1st Cir. 1987).

77.    "[T]he objective standards implementing the Due Process Clause do not require proof of actual bias." *Caperton v. AT Massey Coal Co., Inc.*, 556 U.S. 868,883 (2009). "Rather, the question is whether, under a realistic appraisal of psychological tendencies and human weakness, the interest poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented." *Caperton* at 883-884 (cleaned up).

78.    Moreover, "the Due Process Clause may sometimes demand recusal even when a judge has no actual bias." *Rippo v. Baker*, 137 S. Ct. 905, 907 (2017) (cleaned up).

79.    Indeed, "to perform its high function in the best way 'justice must satisfy the appearance of justice.'" *In re Murchison.*, 349 U.S. 133, 136 (1955).

80.    While normally applied in the context of the Sixth Amendment right to a speedy trial in criminal law, the four part balancing test articulated in *Barker v. Wingo*, 407 U.S. 514 (1972) is also *in pari materia* helpful when analyzing other claims of unconstitutional delay. These four factors are: (1) the length of the delay, (2) the reasons for the delay, (3) the assertion of a right to expeditious adjudication, and (4) whether, or to what degree, a litigant was prejudiced by any delay. *See*, e.g. *US v. Handa*, 892 F. 3d 95 (1st Cir. 2018).

- 14 -

81.   In the context of civil law, when analyzing whether there has been any violation of "due process," such inquiry may be guided by a three-part balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976). The <u>*Mathews*</u> factors are: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021).

82.   "[U]nder the [New Hampshire] marital master system, it is a judge, not a master, which determines the case." *Witte v. Justices of New Hampshire Superior Court*, 831 F. 2d 362 (1st Cir. 1987).

## CAUSES OF ACTION

### COUNT ONE

83.   Plaintiff repeats and re-alleges ¶¶1-82 stated above.

84.   Defendant Sternenberg had a duty to disclose her relationship with Defendant Introcaso to Plaintiff at the time of her appointment as *Guardian ad Litem* (GAL), but failed to do so.

85.   By failing to do so, Defendant Sternenberg violated Plaintiff's procedural due process rights under the Fourteenth Amendment.

## COUNT TWO

86.     Plaintiff repeats and re-alleges ¶¶1-85 stated above.

87.     Defendant Sternenberg had a duty to disclose her relationship with Defendant Introcaso to Plaintiff at the time of her appointment as *Guardian ad Litem* (GAL), but failed to do so.

88.     By failing to do so, Defendant Sternenberg violated Plaintiff's substantive due process rights under the Fourteenth Amendment.

## COUNT THREE

89.     Plaintiff repeats and re-alleges ¶¶1-88 stated above.

90.     Defendant DalPra had a duty to disclose the relationship between Defendant Sternenberg and Defendant Introcaso at the time of Sternenberg's appointment as *Guardian ad Litem* (GAL), but failed to do so.

91.     By failing to do so, Defendant DalPra violated Plaintiff's procedural due process rights under the Fourteenth Amendment.

## COUNT FOUR

92.     Plaintiff repeats and re-alleges ¶¶1-89 stated above.

93.     Defendant DalPra had a duty to disclose the relationship between Defendant Sternenberg and Defendant Introcaso at the time of Sternenberg's appointment as *Guardian ad Litem* (GAL), but failed to do so.

94.     By failing to do so, Defendant DalPra violated Plaintiff's substantive due process rights under the Fourteenth Amendment.

## COUNT FIVE

95.     Plaintiff repeats and re-alleges ¶¶1-94 stated above.

96.     Defendant Introcaso had a duty to disclose her relationship with Defendant Sternenberg to Plaintiff at the time of Sternenberg's appointment as *Guardian ad Litem* (GAL), but failed to do so.

97.     By failing to do so, Defendant Introcaso violated Plaintiff's procedural due process rights under the Fourteenth Amendment.

## COUNT SIX

98.     Plaintiff repeats and re-alleges ¶¶1-97 stated above.

99.     Defendant Introcaso had a duty to disclose her relationship with Defendant Sternenberg to Plaintiff at the time of Sternenberg's appointment as *Guardian ad Litem* (GAL), but failed to do so.

100.    By failing to do so, Defendant Introcaso violated Plaintiff's substantive due process rights under the Fourteenth Amendment.

## COUNT SEVEN

101.    Plaintiff repeats and re-alleges ¶¶1-100 stated above.

102. Defendant Sternenberg had a duty to disclose her relationship with Defendant Introcaso to Plaintiff at the time of the August 9, 2017 hearing, but failed to do so.

103. By failing to do so, Defendant Sternenberg violated Plaintiff's procedural due process rights under the Fourteenth Amendment.

## COUNT EIGHT

104. Plaintiff repeats and re-alleges ¶¶1-103 stated above.

105. Defendant Sternenberg had a duty to disclose her relationship with Defendant Introcaso to Plaintiff at the time of the August 9, 2017 hearing, but failed to do so.

106. By failing to do so, Defendant Sternenberg violated Plaintiff's substantive due process rights under the Fourteenth Amendment.

## COUNT NINE

107. Plaintiff repeats and re-alleges ¶¶1-106 stated above.

108. Defendant DalPra had a duty to disclose the relationship between Defendant Sternenberg and Defendant Introcaso at the time of the August 9, 2017 hearing, but failed to do so.

109. By failing to do so, Defendant DalPra violated Plaintiff's procedural due process rights under the Fourteenth Amendment.

**COUNT TEN**

110.  Plaintiff repeats and re-alleges ¶¶1-109 stated above.

111.  Defendant DalPra had a duty to disclose the relationship between Defendant Sternenberg and Defendant Introcaso at the time of the August 9, 2017 hearing, but failed to do so.

112.  By failing to do so, Defendant DalPra violated Plaintiff's substantive due process rights under the Fourteenth Amendment.

**COUNT ELEVEN**

113.  Plaintiff repeats and re-alleges ¶¶1-112 stated above.

114.  Defendant Sternenberg had a duty to disclose her relationship with Defendant Introcaso to Plaintiff before the May 9, 2019 hearing, but failed to do so.

115.  By failing to do so, Defendant Sternenberg violated Plaintiff's procedural due process rights under the Fourteenth Amendment.

**COUNT TWELVE**

116.  Plaintiff repeats and re-alleges ¶¶1-115 stated above.

117.  Defendant Sternenberg had a duty to disclose her relationship with Defendant Introcaso to Plaintiff before the May 9, 2019 hearing, but failed to do so.

118.  By failing to do so, Defendant Sternenberg violated Plaintiff's substantive due process rights under the Fourteenth Amendment.

## COUNT THIRTEEN

119.   Plaintiff repeats and re-alleges ¶¶1-118 stated above.

120.   Defendant DalPra had a duty to disclose the relationship between Defendant Sternenberg and Defendant Introcaso during the May 9, 2019 hearing, but failed to do so.

121.   By failing to do so, Defendant DalPra violated Plaintiff's procedural due process rights under the Fourteenth Amendment.

## COUNT FOURTEEN

122.   Plaintiff repeats and re-alleges ¶¶1-121 stated above.

123.   Defendant DalPra had a duty to disclose the relationship between Defendant Sternenberg and Defendant Introcaso during the May 9, 2019 hearing, but failed to do so.

124.   By failing to do so, Defendant DalPra violated Plaintiff's substantive due process rights under the Fourteenth Amendment.

## COUNT FIFTEEN

125.   Plaintiff repeats and re-alleges ¶¶1-124 stated above.

126.   Defendant DalPra had a duty to disclose the relationship between Defendant Sternenberg and Defendant Introcaso prior to issuing his May 30, 2019 recommendation, but failed to do so.

127. By failing to do so, Defendant DalPra violated Plaintiff's procedural due process rights under the Fourteenth Amendment.

## COUNT SIXTEEN

128. Plaintiff repeats and re-alleges ¶¶1-127 stated above.

129. Defendant DalPra had a duty to disclose the relationship between Defendant Sternenberg and Defendant Introcaso prior to issuing his May 30, 2019 recommendation, but failed to do so.

130. By failing to do so, Defendant DalPra violated Plaintiff's substantive due process rights under the Fourteenth Amendment.

## COUNT SEVENTEEN

131. Plaintiff repeats and re-alleges ¶¶1-130 stated above.

132. Defendant Introcaso had a duty to disclose the relationship between Defendant Sternenberg and Defendant Introcaso prior to issuing her May 30, 2019 order, but failed to do so.

133. By failing to do so, Defendant Introcaso violated Plaintiff's procedural due process rights under the Fourteenth Amendment.

## COUNT EIGHTEEN

134. Plaintiff repeats and re-alleges ¶¶1-133 stated above.

135.   Defendant Introcaso had a duty to disclose the relationship between Defendant Sternenberg and Defendant Introcaso prior to issuing her May 30, 2019 order, but failed to do so.

136.   By failing to do so, Defendant Introcaso violated Plaintiff's substantive due process rights under the Fourteenth Amendment.

## COUNT NINETEEN

137.   Plaintiff repeats and re-alleges ¶¶1-136 stated above.

138.   Defendant DalPra had a duty to disclose the relationship between Defendant Sternenberg and Defendant Introcaso prior to issuing his June 28, 2019 recommendation, but failed to do so.

139.   By failing to do so, Defendant DalPra violated Plaintiff's procedural due process rights under the Fourteenth Amendment.

## COUNT TWENTY

140.   Plaintiff repeats and re-alleges ¶¶1-139 stated above.

141.   Defendant DalPra had a duty to disclose the relationship between Defendant Sternenberg and Defendant Introcaso prior to issuing his June 28, 2019 recommendation, but failed to do so.

142.   By failing to do so, Defendant DalPra violated Plaintiff's substantive due process rights under the Fourteenth Amendment.

## COUNT TWENTY ONE

143.  Plaintiff repeats and re-alleges ¶¶1-142 stated above.

144.  Defendant Derby had a duty to disclose the relationship between Defendant Sternenberg and Defendant Introcaso prior to issuing his June 30, 2019 order, but failed to do so.

145.  By failing to do so, Defendant Derby violated Plaintiff's procedural due process rights under the Fourteenth Amendment.

## COUNT TWENTY TWO

146.  Plaintiff repeats and re-alleges ¶¶1-145 stated above.

147.  Defendant Derby had a duty to disclose the relationship between Defendant Sternenberg and Defendant Introcaso prior to issuing his June 30, 2019 order, but failed to do so.

148.  By failing to do so, Defendant Derby violated Plaintiff's substantive due process rights under the Fourteenth Amendment.

## COUNT TWENTY THREE

149.  Plaintiff repeats and re-alleges ¶¶1-148 stated above.

150.  Under the UCCJEA, NH Rev Stat § 458-A:35 (2021) provides a right of appeal of an order on the enforcement of a parenting plan.

151.  Under the UCCJEA, NH Rev Stat § 458-A:38 (2021) provides that in applying and construing the UCCJEA, "consideration must be given to the need to

promote uniformity of the law with respect to its subject matter among states that enact it."

152. "Under federal due process, the question of whether an appeal provided in the State system is one of right or of discretion is a federal question." *State v. Cooper*, 127 N.H. 119, 129 (1985), citing *Evitts v. Lucey*, 469 U.S. 387 (1985).

153. By denying *certiorari* for review of Defendant Introcaso's May 30, 2019 *Order* and Defendant Derby's June 30, 2019 *Order*, the New Hampshire Supreme Court violated Plaintiff's procedural due process rights.

## COUNT TWENTY FOUR

154. Plaintiff repeats and re-alleges ¶¶1-153 stated above.

155. By denying *certiorari* for review of Defendant Introcaso's May 30, 2019 *Order* and Defendant Derby's June 30, 2019 *Order*, the New Hampshire Supreme Court violated Plaintiff's substantive due process rights.

## COUNT TWENTY FIVE

156. Plaintiff repeats and re-alleges ¶¶1-155 stated above.

157. Defendant Derby had a duty to tell Plaintiff what Defendant Derby knew about Defendant Introcaso and Defendant Sternenberg at the December 20, 2019 hearing.

158. Defendant Derby did not inform Plaintiff about the conflict between Defendant Introcaso and Defendant Sternenberg at the December 20, 2019 hearing.

159. Consequently, Defendant Derby violated Plaintiff's procedural due process rights.

## COUNT TWENTY SIX

160. Plaintiff repeats and re-alleges ¶¶1-159 stated above.

161. Defendant Derby did not inform Plaintiff about the conflict between Defendant Introcaso and Defendant Sternenberg at the December 20, 2019 hearing.

162. Consequently, Defendant Derby violated Plaintiff's substantive due process rights.

## COUNT TWENTY SEVEN

163. Plaintiff repeats and re-alleges ¶¶1-162 stated above.

164. On October 23, 2020, Plaintiff learned for the very first time about the conflict between Defendant Sternenberg and Defendant Introcaso.

165. However, as evidenced by Defendant King's email dated February 3, 2020, Defendant King had been aware of the conflict between Defendant Sternenberg and Defendant Introcaso since at least that time.

166. Defendant King's failure to disclose this information to Plaintiff prior to Plaintiff learning about it by reading a newspaper article, was a violation of Plaintiff's procedural due process rights.

## COUNT TWENTY EIGHT

167. Plaintiff repeats and re-alleges ¶¶1-166 stated above.

168.   Defendant King's failure to disclose information to Plaintiff about the conflict between Defendant Sternenberg and Defendant Introcaso prior to Plaintiff learning about it by reading a newspaper article, was a violation of Plaintiff's substantive due process rights.

## COUNT TWENTY NINE

169.   Plaintiff repeats and re-alleges ¶¶1-168 stated above.

170.   As Mary Ann Dempsey's October 26, 2020 correspondence makes clear, Defendant Derby informed Mary Ann Dempsey that **Defendant Derby was not completely positive Defendant Derby did not white out court orders**.

171.   By not informing Plaintiff of this information prior to Plaintiff appearing before Defendant Derby at trial, the New Hampshire Judicial Branch violated Plaintiff's procedural due process rights.

## COUNT THIRTY

172.   Plaintiff repeats and re-alleges ¶¶1-171 stated above.

173.   By not informing Plaintiff that Defendant Derby was not completely positive Defendant Derby did not white out court orders prior to Plaintiff appearing before Defendant Derby at trial, the New Hampshire Judicial Branch violated Plaintiff's substantive due process rights.

## COUNT THIRTY ONE

174.   Plaintiff repeats and re-alleges ¶¶1-173 stated above.

175. At the November 6, 2020 hearing, Defendant DalPra did not "give a fuck" (Tr. 33:23).

176. However, at the November 6, 2020 hearing, Defendant DalPra was required to "give a fuck."

177. Consequently, Defendant DalPra's actions at the November 6, 2020 hearing violated Plaintiff's procedural due process rights.

## COUNT THIRTY TWO

178. Plaintiff repeats and re-alleges ¶¶1-177 stated above.

179. By not "giv[ing] a fuck," Defendant DalPra also violated Plaintiff's substantive due process rights at the November 6, 2020 hearing.

## COUNT THIRTY THREE

180. Plaintiff repeats and re-alleges ¶¶1-179 stated above.

181. On November 13, 2020, Defendant King sent an email to Defendant DalPra.

182. Defendant King did not notify Plaintiff of the contents of Defendant King's email.

183. Consequently, at that time, Defendant was unaware of Defendant DalPra's misconduct.

184.   By not notifying Plaintiff about the content or nature of Defendant King's November 13, 2020 email, Defendant King violated Plaintiff's procedural due process rights.

## COUNT THIRTY FOUR

185.   Plaintiff repeats and re-alleges ¶¶1-184 stated above.

186.   By not notifying Plaintiff about the content or nature of Defendant King's November 13, 2020 email, Defendant King violated Plaintiff's substantive due process rights.

## COUNT THIRTY FIVE

187.   Plaintiff repeats and re-alleges ¶¶1-186 stated above.

188.   On May 28, 2021, Plaintiff requested that the New Hampshire Judicial Branch (NHJB) produce depositions directly related to, and discussing, Plaintiff's case.

189.   The NHJB refused to produce the depositions.

190.   By refusing to produce the depositions, the NHJB violated Plaintiff's procedural due process rights.

## COUNT THIRTY SIX

191.   Plaintiff repeats and re-alleges ¶¶1-190 stated above.

192.   The NHJB refused to produce depositions directly related to, and discussing, Plaintiff's case.

193.  By refusing to produce the depositions, the NHJB violated Plaintiff's substantive due process rights.

## COUNT THIRTY SEVEN

194.  Plaintiff repeats and re-alleges ¶¶1-193 stated above.

195.  In Defendant King's August 26, 2022 deposition Defendant King stated he told the New Hampshire Judicial Conduct Committee what he "had found regarding the transcript in the Albrecht case."

196.  However, Defendant King did not tell Plaintiff what he "had found regarding the transcript in the Albrecht case."

197.  Defendant King also had a duty to tell Plaintiff what he told the New Hampshire Judicial Conduct Committee regarding the transcript in the Albrecht case.

198.  Because Defendant King did not also notify Plaintiff what he told the New Hampshire Judicial Conduct Committee regarding the transcript in the Albrecht case, Defendant King violated Plaintiff's procedural due process rights.

## COUNT THIRTY NINE

199.  Plaintiff repeats and re-alleges ¶¶1-198 stated above.

200.  Because Defendant King did not also notify Plaintiff what he told the New Hampshire Judicial Conduct Committee regarding the transcript in the Albrecht case, Defendant King violated Plaintiff's substantive due process rights.

**COUNT FORTY**

201.  Plaintiff repeats and re-alleges ¶¶1-200 stated above.

202.  Notwithstanding all of the above, between April 15, 2017 and July 9, 2017, the Boston Museum of Fine Arts held the largest, most important display of Botticelli's works in the United States.

203.  The exhibit consisted primarily of religious art:



204.  Defendant Sternenberg testified at the August 9, 2017 hearing that "Botticelli is naked paintings" and she "was told by Katherine that G.A. had some real problems sleeping the next day because of what she seen, you know."

205.  Defendant Sternenberg displayed extreme religious prejudice, in violation of the Free Exercise Clause, the Establishment Clause, and further violated Defendant's procedural and substantive due process rights.

206.  In the alternative, or, more likely, *in addition to* displaying such prejudice, Defendant Sternenberg is further – *simply* <u>a blithering idiot</u>.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court provide the
following declaratory relief:

A) Issue declaratory judgment in favor of Plaintiff for all violations of
procedural due process by Defendant Sternenberg, as set forth in ¶¶1-200,
*supra*;

B) Issue declaratory judgment in favor of Plaintiff for all violations of
substantive due process by Defendant Sternenberg, as set forth in ¶¶1-200,
*supra*;

C) Issue declaratory judgment in favor of Plaintiff for all violations of
procedural due process by Defendant DalPra, as set forth in ¶¶1-200, *supra*;

D) Issue declaratory judgment in favor of Plaintiff for all violations of
substantive due process by Defendant DalPra, as set forth in ¶¶1-200, *supra*;

E) Issue declaratory judgment in favor of Plaintiff for all violations of
procedural due process by Defendant Introcaso, as set forth in ¶¶1-200,
*supra*;

F) Issue declaratory judgment in favor of Plaintiff for all violations of
substantive due process by Defendant Introcaso, as set forth in ¶¶1-200,
*supra*;

G) Issue declaratory judgment in favor of Plaintiff for all violations of
procedural due process by Defendant Derby, as set forth in ¶¶1-200, *supra*;

H) Issue declaratory judgment in favor of Plaintiff for all violations of substantive due process by Defendant Derby, as set forth in ¶¶1-200, *supra*;

I) Issue declaratory judgment in favor of Plaintiff for all violations of procedural due process by Defendant King, as set forth in ¶¶1-200, *supra*;

J) Issue declaratory judgment in favor of Plaintiff for all violations of substantive due process by Defendant King, as set forth in ¶¶1-200, *supra*;

K) Issue declaratory judgment in favor of Plaintiff for all violations of procedural due process by the New Hampshire Judicial Branch, as set forth in ¶¶1-200, *supra*;

L) Issue declaratory judgment in favor of Plaintiff for all violations of substantive due process by the New Hampshire Judicial Branch, as set forth in ¶¶1-200, *supra*;

M) Issue declaratory judgment in favor of Plaintiff and against Defendant Sternenberg on Count Forty, as set forth in ¶201-206, *supra*;

N) For all other such relief as is just and reasonable.

## JURY DEMAND

Plaintiff demands a trial by jury on all disputed issues of fact so triable.

Respectfully submitted,

DANA ALBRECHT
*Pro Se*
131 Daniel Webster Hwy #235
Nashua, NH 03060
(603) 809-1097
dana.albrecht@hushmail.com

August 4, 2023.

## LIST OF EXHIBITS

1.  5/1/2014    Excerpt from *Sobell v. Sobell*, No. 659-2013-DM-00348.

2.  4/8/2016    Initial domestic violence *Order* (Paul S. Moore).

3.  10/13/2016 *Order* of appointment of GAL Sternenberg.

4.  8/9/2017    GAL Sternenberg testimony.

5.  7/5/2018    Paul S. Moore disbarment.

6.  3/15/2019  Julie Introcaso recusal *order*.

7.  4/26/2019  Judge Derby *Order* re: Kathleen Sternenberg.

8.  5/9/2019    Hearing information.

9.  5/30/2019  *Order* (DalPra/Introcaso)

10. 6/30/2019  *Order* (DalPra/Derby)

11. 9/16/2019  NH Supreme Court *Order*, No. 2019-0436.

12. 10/25/2019 NH Supreme Court *Order*, N. 2019-0436.

13. 12/20/2019 Excerpt from Hearing (Mark Derby).

14. 2/3/2020    Email from Judge King.

15. 10/15/2020 Deed to home, East China, Michigan.

16. 10/22/2022 Correspondence – Gary Hicks to Gordon MacDonald.

17. 10/23/2022 Newspaper Article – New Hampshire Union Leader.

18. 10/26/2020 Correspondence – Mary Ann Dempsey.

19. 11/6/2020  Excerpt from Hearing (Bruce DalPra)

20.   11/13/2020 Email from Judge King to Bruce DalPra.

21.   1/18/2021   Deposition of Mark S. Derby.

22.   2/8/2021   Deposition of Julie Introcaso.

23.   2/22/2021   Resignation Letter – Julie Introcaso.

24.   3/23/2021   Julie Introcaso – NH Supreme Court Order and Invoices.

25.   5/28/2021   Email from Mary Ann Dempsey.

26.   7/15/2021   UCCJEA hearing transcript.

27.   2/15/2022   Email from Julie Introcaso.

28.   2/25/2022   Julie Introcaso disbarment.

29.   8/26/2022   Deposition of Judge King (partial/redacted).

30.   11/10/2022 Bruce DalPra – NH Supreme Court Order and Invoices.