# THE STATE OF NEW HAMPSHIRE

## JUDICIAL BRANCH

**http://www.courts.state.nh.us**

## RULE 7 NOTICE OF MANDATORY APPEAL

This form should be used for an appeal from a final decision on the merits issued by a superior court or circuit court <u>except</u> for a decision from: (1) a post-conviction review proceeding; (2) a proceeding involving a collateral challenge to a conviction or sentence; (3) a sentence modification or suspension proceeding; (4) an imposition of sentence proceeding; (5) a parole revocation proceeding; (6) a probation revocation proceeding; (7) a landlord/tenant action or a possessory action filed under RSA chapter 540; (8) an order denying a motion to intervene; or (9) a domestic relations matter filed under RSA chapters 457 to 461-A other than an appeal from the first final order.  (An appeal from the first final order issued in a domestic relations matter filed under RSA chapters 457 to 461-A should be filed on this form.)

---

1.  COMPLETE CASE TITLE AND CASE NUMBERS IN TRIAL COURT

**Katherine Albrecht v. Dana Albrecht, No. 659-2019-DV-00341**

---

2.  COURT APPEALED FROM AND NAME OF JUDGE(S) WHO ISSUED DECISION(S)

**9th Circuit - Family Division - Nashua**
**Judge Kevin Rauseo**

---

3A.  APPEALING PARTY:  NAME, MAILING ADDRESS, E-MAIL ADDRESS, AND TELEPHONE NUMBER.

**Dana Albrecht**

**131 Daniel Webster Hwy #235**
**Nashua, NH 03060**

E-Mail address: **dana.albrecht@hushmail.com**

Telephone number:          **(603) 809-1097**

3B.  APPEALING PARTY'S COUNSEL:  NAME, BAR ID NUMBER, FIRM NAME, MAILING ADDRESS, E-MAIL ADDRESS. AND TELEPHONE NUMBER.
**Pro Se**

_____

_____

_____

_____

_____

E-Mail address: _____

Telephone number: _____

---

4A.  OPPOSING PARTY:  NAME, MAILING ADDRESS, E-MAIL ADDRESS, AND TELEPHONE NUMBER.

**Katherine Albrecht**

**5374 Orchard Drive**
**East China, Michigan 048054**

E-Mail address: **lightfoot@hushmail.com**

Telephone number:          **(626) 325-4900**

4B.  OPPOSING PARTY'S COUNSEL:  NAME, BAR ID NUMBER, FIRM NAME, MAILING ADDRESS, E-MAIL ADDRESS. AND TELEPHONE NUMBER.

**Israel F. Piedra, Esq. (NH Bar #267568)**

**Michael J. Fontaine, Esq. (NH Bar #832)**

**Welts, White, & Fontaine, P.C.**
**P.O. Box 507**
**Nashua, NH 03060**

E-Mail address: **ipiedra@lawyersnh.com**

Telephone number:          **(603) 883-0797**

**Case Name:** <u>Katherine Albrecht v. Dana Albrecht, No. 659-2019-DV-00341</u>

<u>**RULE 7 NOTICE OF MANDATORY APPEAL**</u>

5. NAMES OF ALL OTHER PARTIES AND COUNSEL IN TRIAL COURT

_____
_____
_____
_____
_____
_____

6. DATE OF CLERK'S NOTICE OF DECISION OR SENTENCING. ATTACH OR INCLUDE COPY OF NOTICE AND DECISION.
 12/4/2019; 8/16/2023; 9/25/2023

DATE OF CLERK'S NOTICE OF DECISION ON POST-TRIAL MOTION, IF ANY. ATTACH OR INCLUDE COPY OF NOTICE AND DECISION.

**09/25/2023**

7. CRIMINAL CASES: DEFENDANT'S SENTENCE AND BAIL STATUS

8. APPELLATE DEFENDER REQUESTED?          YES or NO: **No**
IF YOUR ANSWER IS YES, YOU <u>MUST</u> CITE STATUTE OR OTHER LEGAL AUTHORITY UPON WHICH CRIMINAL LIABILITY WAS BASED AND SUBMIT A CURRENT REQUEST FOR A LAWYER FORM (FINANCIAL STATEMENT). SEE SUPREME COURT RULE 32(4).

9. IS ANY PART OF CASE CONFIDENTIAL?          YES or NO: **No**
IF SO, IDENTIFY WHICH PART AND CITE AUTHORITY FOR CONFIDENTIALITY. SEE SUPREME COURT RULE 12.

10. IF ANY PARTY IS A CORPORATION, LIST THE NAMES OF PARENTS, SUBSIDIARIES AND AFFILIATES.

11. DO YOU KNOW OF ANY REASON WHY ONE OR MORE OF THE SUPREME COURT JUSTICES WOULD BE DISQUALIFIED FROM THIS CASE?          YES or NO: **Yes**

IF YOUR ANSWER IS YES, YOU <u>MUST</u> FILE A MOTION FOR RECUSAL IN ACCORDANCE WITH SUPREME COURT RULE 21A.

12. IS A TRANSCRIPT OF TRIAL COURT PROCEEDINGS NECESSARY FOR THIS APPEAL? SEE SUPREME COURT RULE 15, COMMENT.
          YES or NO: **Yes**

IF YOUR ANSWER IS YES, YOU <u>MUST</u> COMPLETE THE TRANSCRIPT ORDER FORM ON PAGE 4 OF THIS FORM.

13. LIST SPECIFIC QUESTIONS TO BE RAISED ON APPEAL, EXPRESSED IN TERMS AND CIRCUMSTANCES OF THE CASE, BUT WITHOUT UNNECESSARY DETAIL. STATE EACH QUESTION IN A SEPARATELY NUMBERED PARAGRAPH.

**1. Whether New Hampshire has any objective standard for the definition of "reasonable fear," and, if so, what is this definition?**

**2. Whether the Plaintiff has ever demonstrated "reasonable fear" for her safety?**

**3. Whether New Hampshire has objective standards for the issuance of or extension of a civil domestic violence order of protection; and, if so, what are these objective standards?**

**4. Was denying Defendant's Motion to Consolidate for Hearing (Doc #10) an unsustainable exercise of discretion?**

**5. Did the trial court err by not affording Defendant any hearing in this matter since 2/18/2022?**

**6. Did the trial court err by not vacating all trial court orders that it issued since 5/23/2022?**

**7. Did the trial court violate N.H. Const. pt. 1, art. 2?**
**8. Did the trial court violate N.H. Const. pt. 1, art. 10?**
**9. Did the trial court violate N.H. Const. pt. 1, art. 14?**
**10. Did the trial court violate N.H. Const. pt. 1, art. 15?**
**11. Did the trial court, or this Court, violate N.H. Const. pt. 1, art. 29?**
**12. Did the trial court, or this Court, violate N.H. Const. pt. 1, art. 33?**
**13. Did the trial court violate N.H. Const. pt. 1, art. 35?**
**14. Did the 10 meetings of the NHJB's domestic violence task violate N.H. Const. pt. 1, art. 37?**

**15. Is RSA 173-B:9 unconstitutional, either prima facie, or as-applied in this case?**

**16. Are any issues in this case capable of repetition, yet evading review?**

14. CERTIFICATIONS

I hereby certify that every issue specifically raised has been presented to the court below and has been properly preserved for appellate review by a contemporaneous objection or, where appropriate, by a properly filed pleading. To the extent that an unpreserved issue is raised as plain error, I hereby certify that I have specifically identified that issue as plain error in section 13.

<u>**Dana Albrecht**</u>
Appealing Party or Counsel

I hereby certify that on or before the date below, copies of this notice of appeal were served on all parties to the case and were filed with the clerk of the court from which the appeal is taken in accordance with Supreme Court Rules 5(1) and 26(2) and with Rule 18 of the Supplemental Rules of the Supreme Court.

<u>**10/20/2023**</u>
Date

<u>**Dana Albrecht**</u>
Appealing Party or Counsel

**RULE 7 NOTICE OF MANDATORY APPEAL**

# TRANSCRIPT ORDER FORM

INSTRUCTIONS:
1. If a transcript is necessary for your appeal, you <u>must</u> complete this form.
2. List each portion of the proceedings that must be transcribed for appeal, e.g., entire trial (see Supreme Court Rule 15(3)), motion to suppress hearing, jury charge, etc., and provide information requested.
3. Determine the amount of deposit required for each portion of the proceedings and the total deposit required for all portions listed. Do <u>not</u> send the deposit to the Supreme Court. You will receive an order from the Supreme Court notifying you of the deadline for paying the deposit amount to the court transcriber. Failure to pay the deposit by the deadline may result in the dismissal of your appeal.
4. The transcriber will produce a digitally-signed electronic version of the transcript for the Supreme Court, which will be the official record of the transcribed proceedings. Parties will be provided with an electronic copy of the transcript in PDF-A format. A paper copy of the transcript may also be prepared for the court.

| PROCEEDINGS TO BE TRANSCRIBED | | | | | |
|---|---|---|---|---|---|
| PROCEEDING DATE (List each day separately, e.g. 5/1/11; 5/2/11; 6/30/11) | TYPE OF PROCEEDING (Motion hearing, opening statement, trial day 2, etc.) | NAME OF JUDGE | LENGTH OF PROCEEDING (in .5 hour segments, e.g.,1.5 hours, 8 hours) | RATE (standard rate unless ordered by Supreme Court) | DEPOSIT |
| | | | | X $137.50 | $ |
| | | | | X $137.50 | $ |
| | | | | X $137.50 | $ |
| | | | | X $137.50 | $ |
| | | | | X $137.50 | $ |
| | | | | X $137.50 | $ |
| | | | | X $137.50 | $ |
| | | | | X $137.50 | $ |
| | | | | X $137.50 | $ |
| | | | | X $137.50 | $ |
| | | | | **TOTAL DEPOSIT** | $ |

| PROCEEDINGS PREVIOUSLY TRANSCRIBED | | | | | |
|---|---|---|---|---|---|
| PROCEEDING DATE (List date of each transcript volume) | TYPE OF PROCEEDING (Motion hearing, opening statement, trial day 2, etc.) | NAME OF JUDGE | NAME OF TRANSCRIBER | DO ALL PARTIES HAVE COPY (YES OR NO) | DEPOSIT FOR ADDITIONAL COPIES |
| | **See attached** | | | **Yes** | TBD |
| | | | | | TBD |
| | | | | | TBD |

**NOTE:** The deposit is an estimate of the transcript cost. After the transcript has been completed, you will be required to pay an additional amount if the final cost of the transcript exceeds the deposit. Any amount paid as a deposit in excess of the final cost will be refunded. The transcript will not be released to the parties until the final cost of the transcript is paid in full.

**PROCEEDINGS PREVIOUSLY TRANSCRIBED**

*Albrecht v. Albrecht*

| Proceeding Date | Type of Proceeding | Docket Number | Judicial Officer |
|---|---|---|---|
| May 9, 2019 | Motions Hearing | 659-2016-DM-00288 | Bruce F. DalPra |
| December 9, 2019 | DV Hearing Day 1 | 659-2019-DV-00341 | Mark S. Derby |
| December 11, 2019 | DV Hearing Day 2 | 659-2019-DV-00341 | Mark S. Derby |
| December 20, 2019 | DV Hearing Day 3 | 659-2019-DV-00341 | Mark S. Derby |
| November 6, 2020 | Motions Hearing | 659-2016-DM-00288 | Bruce F. DalPra |
| July 15, 2021 | UCCJEA Hearing[1] | 21-000769-UN, 31st Circuit Court, St. Clair County, Michigan | Elwood Brown |
| January 11, 2022 | Hearing on Motion for Continuance | 659-2019-DV-00341 | Kevin P. Rauseo |
| February 18, 2022 | Evidentiary hearing | 659-2019-DV-00341 | Kevin P. Rauseo |
| February 18, 2022 | Motions Hearing | 659-2016-DM-00288 | Kevin P. Rauseo |
| June 30, 2022 | Motions Hearing | 659-2016-DM-00288 | Kevin P. Rauseo |
| October 13, 2022 | Hearing on Jurisdiction | 659-2016-DM-00288 | Kevin P. Rauseo |
| January 12, 2023 | Motions Hearing | 659-2016-DM-00288 | Kevin P. Rauseo |

---

1 Official copies of this transcript, already prepared, may be ordered from Christine A. Regan, Court Reporter/Clerk for Judge Elwood Brown, 31st Circuit Court – Family Division, 201 McMorran Blvd., Room 2200. Port Huron, MI 48060, Tel: (810) 985-2169, Email: Cregan@stclaircounty.org. All other transcripts are available, already prepared, from eScribers, LLC.

*Proceedings of the Domestic Violence Task Force*

| Proceeding Date | Type of Proceeding | Docket Number | Judicial Officer |
|---|---|---|---|
| December 16, 2021 | DV Task Force Meeting #1 | N/A | Justice Barbara Hanz Marconi |
| January 11, 2022 | DV Task Force Meeting #2 | N/A | Justice Barbara Hanz Marconi |
| January 12, 2022 | DV Task Force Meeting #3 | N/A | Justice Barbara Hanz Marconi |
| January 18, 2022 | DV Task Force Meeting #4 | N/A | Justice Barbara Hanz Marconi |
| January 19, 2022 | DV Task Force Meeting #5 | N/A | Justice Barbara Hanz Marconi |
| January 21, 2022 | DV Task Force Meeting #6 | N/A | Justice Barbara Hanz Marconi |
| January 25, 2022 | DV Task Force Meeting #7 | N/A | Justice Barbara Hanz Marconi |
| January 27, 2022 | DV Task Force Meeting #8 | N/A | Justice Barbara Hanz Marconi |
| January 31, 2022 | DV Task Force Meeting #9 | N/A | Justice Barbara Hanz Marconi |
| February 22, 2022 | DV Task Force Meeting #10 | N/A | Justice Barbara Hanz Marconi |



**STATE OF NEW HAMPSHIRE**

9th Circuit-Family Division-Nashua

In the Matter of Katherine Albrecht and Dana Albrecht

659-2019-DV-00341

**Defendant's Motion to Consolidate For Hearing**

Now comes Dana Albrecht, Defendant, by and through his attorney, and states:

1. On October 31, 2019, Defendant Dana Albrecht learned that Petitioner Katherine Albrecht had, yet again, traveled from Sierra Madre, California to the New England area with their children. In violation of the court's parenting plan, Dr. Albrecht had not permitted Mr. Albrecht to see their children in over 10 months, and has even refused to provide any phone number their children customarily use so Mr. Albrecht could talk to them.

2. On November 1, 2019, Mr Albrecht filed Petitioner's *Ex Parte* Motion for Contempt and to Compel, seeking to visit with their children while they were in the New England area. The court denied *ex parte* relief, ordering that "the case shall be scheduled in the ordinary course."

3. On November 3, 2019, Mr. Albrecht attended Collinsville Bible Church in Dracut, Massachusetts on the chance that his children might be there so he could see them. Dr. Albrecht caused the police to be called on Mr. Albrecht, yet again, to prevent Mr. Albrecht from exercising his rights under the court's parenting plan.

4. On November 12, 2019, Dr. Albrecht filed a DV petition, yet again, to punish Mr. Albrecht, yet again, and to "trample him to the ground" for daring to try to see their children. The court has scheduled this DV petition for December 9, 2019 at 8:30 am, resulting in the DV being heard before the *ex parte*.

5. In fairness and judicial economy, as well as in consideration of the parties' expenses and convenience, these two pleadings should be heard together. They contain similar and related issues of law and fact, similar testimony will be evinced at their hearings, and it is anticipated the same witnesses will testify.

6. A similar motion is being filed in both cases.

10

WHEREFORE, the Defendant prays this Honorable Court for relief as follows:

A. To consolidate for hearing Petitioner's *Ex Parte* Motion for Contempt and to Compel, No 659-2016-DM-00288, and Domestic Violence Petition, No 659-2019-DV-00341, on December 9, 2019 at 8:30 am.

B. To set forth the reasons for its decision in a written order; and,

C. For such other relief as this Court deems just and reasonable.

Respectfully submitted,

November 19, 2019

Dana Albrecht
by his attorney

Joseph Caulfield, Esq.
NH Bar #262
Caulfield Law & Mediation Office
126 Perham Corner Rd.
Lyndeborough, NH 03082
603-505-8749

State of New Hampshire
Hillsborough, SS

Now comes Dana Albrecht and swears to the foregoing is true to the best of his knowledge and belief.

November 19, 2019

11/06/2024

Certification

I sent this date a copy of this Motion to Atty. Fontaine.

Joseph Caulfield, Esq.

*Motion denial. Parties cautioned that 12-9-19 hearing is scheduled for 30 minutes & double-booked with another DV case, and should plan accordingly.*

MARK S. DERBY
DEC - 4 2019

8

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

9th Circuit - Family Division - Nashua
30 Spring Street, Suite 102
Nashua NH 03060

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## DV/STALKING NOTICE OF DECISION

**DANA ALBRECHT**
**131 D.W. HWY #235**
**NASHUA NH 03060**

Case Name: **In the Matter of Katherine Albrecht v. Dana Albrecht**    PNO: **6591910341**
Case Number: **659-2019-DV-00341** *659-2016-DM-00288*

Please be advised that on <u>August 16, 2023</u> Hon <u>Kevin P Rauseo</u> made the following order relative to:

☐ Petition    ☐ Final Order    ☒ Other   <u>Request for ex parte orders is denied. Please</u>
<u>see enclosed Order</u>

☐ Notice of Interstate Enforcement
and Compliance with VAWA for
Use with Final Order

August 16, 2023

(888)

C: Michael J. Fontaine, ESQ

*Sherry L. Bisson*
Sherry L. Bisson, Clerk of Court

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
**https://www.courts.nh.gov**

Court Name: <u>9th Circuit - Family Division - Nashua</u>

Case Name: <u>In the Matter of Katherine Albrecht v. Dana Albrecht</u>

Case Number: <u>659-2019-DV-00341</u>

# ORDER ON *EX PARTE* (EMERGENCY) MOTION

A motion for *ex parte* or emergency orders has been submitted. The Court has reviewed the motion.

☐ 1. **The Court issues the following orders**, which will remain in effect until further hearing:

☐ A. The ☐ Petitioner ☐ Respondent (check one) shall have temporary sole decision-making and residential responsibility for the minor child(ren).

☐ B. The ☐ Petitioner ☐ Respondent (check one) shall have temporary sole residential responsibility for the minor child(ren).

☐ C. The ☐ Petitioner ☐ Respondent (check one) shall not interfere in any way with the personal liberty or property of the other nor the household property used in the care of the minor child(ren), nor do any act to interfere with the other parent's decision-making and residential responsibilities for the minor child(ren).

☐ D. The ☐ Petitioner ☐ Respondent (check one) is awarded temporary exclusive use of the parties' residence at _____ (residence address) and household furniture and furnishings therein.

☐ E. The ☐ Petitioner ☐ Respondent (check one) shall not enter the residence or property of the other.

☐ F. Each party is restrained and enjoined from transferring, encumbering, hypothecating, concealing or otherwise disposing of any property except in the ordinary course of business or for the necessities of life.

☐ G. Other: _____
_____
_____

☐ 2. **No *ex parte* or emergency orders are issued** - no showing of imminent danger of irreparable harm.
☐ The case shall be scheduled for a prompt hearing with Petitioner and Respondent present.

☐ The case shall be scheduled in the ordinary course.

☒ 3. **Request for ex parte orders is denied.** No hearing is required. The issue of the 2023 extension is before the New Hampshire Supreme Court.

**A hearing on the *ex parte* motion, and any orders issued, is scheduled for:**
_____ (date of hearing) at _____ (time of hearing)

**Recommended:**

_____
Date

_____
Signature of Marital Master

_____
Printed Name of Marital Master

**So Ordered:**
I hereby certify that I have read the recommendation(s) and agree that, to the extent the marital master/judicial referee/hearing officer has made factual findings, she/he has applied the correct legal standard to the facts determined by the marital master/judicial referee/hearing officer.

<u>August 16, 2023</u>
Date

_____
Signature of Judge

<u>Hon. Kevin P. Rauseo</u>
Printed Name of Judge

9th Circuit – Family Division – Nashua

Katherine Albrecht and Dana Albrecht

659-2019-DV-00341

## Defendant's *Ex Parte* Motion to Vacate all Orders since 5/23/2022

NOW COMES the Defendant, Dana Albrecht, *pro se*, and respectfully requests this Honorable Court to vacate all trial court orders issued in this matter since 5/23/2022.

In support thereof it is stated:

1.  This is a civil case. The equal protection provisions of our State Constitution require that both parties be afforded equal rights and protections when either requests *ex parte* relief. *Opinion of the Justices*, 144 N.H. 374 (1999), citing *State v. Pennoyer*, 65 N.H. 113 (1889).

2.  By *Order* dated May 22, 2023, this Court observed that:

    **Recognizing that the appeal divested this Court of jurisdiction, <u>see</u> <u>Rautenberg v. Munnis</u>, 107 N.H. 446, 447 (1966), this Court issued an Order effectively staying proceedings pending appeal (Index #193).**

3.  By this Court's own logic, it was therefore <u>also</u> divested of jurisdiction on 5/23/2022 as of the filing of the prior appeal, No. 2022-0284 (Index #156).

4.  No mandate has yet issued in the prior appeal, No. 2022-0284.

5.  Consequently, this Court did not have jurisdiction to issue any orders in this matter since 5/23/2022.

6.  Consequently, all trial court orders in this matter issued since 5/23/2022 must now be vacated.

WHEREFORE, the Defendant respectfully request that this Honorable Court provide the following relief:

A) That this Court vacate all trial court orders issued in this matter since 5/23/2022; or,

B) In the alternative, that this Honorable Court set forth, in a written narrative order, the reasons for its decision; and,

C) For any other relief as this Honorable Court deems just and equitable.

Respectfully submitted,

_____

DANA ALBRECHT
*Defendant Pro Se*
131 D.W. Hwy #235
Nashua, NH 03060
(603) 809-1097
dana.albrecht@hushmail.com

August 14, 2023

## CERTIFICATE OF SERVICE

I, Dana Albrecht certify that this Motion has been served on Michael J. Fontaine, Esq., counsel for Katherine Albrecht, via email and U.S. Postal Mail on this 14th day of August 2023.

_____

DANA ALBRECHT

- 2 -

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

9th Circuit - Family Division - Nashua
30 Spring Street, Suite 102
Nashua NH 03060

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## DV/STALKING NOTICE OF DECISION

**DANA ALBRECHT**
**131 D.W. HWY #235**
**NASHUA NH 03060**

___Case Name:  **In the Matter of Katherine Albrecht v. Dana Albrecht**     PNO: **6591910341**
Case Number:  **659-2019-DV-00341**

Please be advised that on <u>September 23, 2023</u> Hon <u>Judge Kevin P. Rauseo</u> made the following order relative to:

☐ Petition  ☐ Final Order  ☒ Other  <u>Denied Defendant's Motion for Judicial Notice of</u>
<u>Albrecht v. Sternenberg et al., 1:23-cv-00381, (D.N.H.)</u>

☐ Notice of Interstate Enforcement
and Compliance with VAWA for
Use with Final Order

September 25, 2023

*Sherry L. Bisson*
Sherry L. Bisson, Clerk of Court

(1270)

C: Katherine Albrecht; Michael J. Fontaine, ESQ

## Defendant's Motion for Judicial Notice of
## *Albrecht v. Sternenberg et al.*, 1:23-cv-00381, (D.N.H.)

NOW COMES the Defendant, Dana Albrecht, *pro se*, and respectfully requests this Court to take judicial notice of *Albrecht v. Sternenberg et al.*, 1:23-cv-00381, (D.N.H.).

In support thereof it is stated:

1.   Pursuant to N.H. R. Ev. 201(a)(2), the content of this federal 42 U.S.C. § 1983 action is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

2.   Indeed, all documents in *Albrecht v. Sternenberg et al.*, 1:23-cv-00381, (D.N.H.) are available online at:



- https://www.courtlistener.com/docket/67674680/albrecht-v-sternenberg/

3.   Pursuant to N.H. R. Ev. 201(d), a "court shall take judicial notice if requested by a party and supplied with the necessary information."

4.   A copy of the Complaint is annexed hereto.

- 1 -

14

5.   This Court has previously allowed Ms. Albrecht to annex copies of her prior
     pleadings requesting the reappointment of GAL Sternenberg in the related
     family law matter, to her DV petition. See Index #94 (at page 25) in this docket,
     filed 12/28/2021, wherein Ms. Albrecht re-iterated her desire that:

> 19.   It is in the best interests of the minor children that Ms. Albrecht be awarded sole
> decision-making.
>
> 20    NH RSA 461-A:11, II, authorizes a court to modify decision-making authority
> within a parenting plan if such modification is in the best interest of the children.
>
> 21.   Pursuant to NH RSA 461-A:11, III, the moving party bears the burden of proof in
> requests to modify decision-making responsibility.
>
> 22.   Ms. Albrecht continues to believe that the reappointment of Ms. Sternenberg as
> Guardian ad Litem is in the best interests of the girls, particularly given that the girls continue to
> refuse to visit with their father. ███ █ █ ███ old and ███ █ █ █ ███ old on
> December 22, 2019 and are both mature minors.
>
> 23.   Therefore, Ms. Albrecht renews her request for the reappointment of the Guardian
> ad Litem, Kathleen Sternenberg, in this matter to investigate and make recommendations to this
> Court concerning whether the current parenting schedule and current orders relative to decision-
> making should be modified.

                                        11

6.   This Court allowed Ms. Albrecht to provide this information, and used it to
     issue extensions of the DV order against Mr. Albrecht.

7.   If this Court does not want Mr. Albrecht to provide a copy of the annexed
     Complaint, or does not want to take judicial notice as requested, it should set
     forth its reasons in a written, narrative order.

8.   For the forgoing reasons, this Court is required to take judicial notice.

- 2 -

15

WHEREFORE, the Defendant again respectfully requests that this Court provide the following relief:

A) That this Court take judicial notice of *Albrecht v. Sternenberg et al.*, 1:23-cv-00381, (D.N.H.); and,

B) That this Court set forth, in a written narrative order, the reasons for its decisions; and,

C) For any other relief as this Court deems just and equitable.

GRANTED / DENIED For the reasons stated in the objection

Kevin P. Rauseo   SEP 2 3 2023

Respectfully submitted,

DANA ALBRECHT
*Defendant Pro Se*
131 D.W. Hwy #235
Nashua, NH 03060
(603) 809-1097
dana.albrecht@hushmail.com

August 28, 2023

## CERTIFICATE OF SERVICE

I, Dana Albrecht certify that this Motion has been served on Michael J. Fontaine, Esq., counsel for Katherine Albrecht, via email and U.S. Postal Mail on this 28th day of August 2023.

DANA ALBRECHT

- 3 -

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

9th Circuit - Family Division - Nashua
30 Spring Street, Suite 102
Nashua NH 03060

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## DV/STALKING NOTICE OF DECISION

**DANA ALBRECHT**
**131 D.W. HWY #235**
**NASHUA NH 03060**

Case Name: **In the Matter of Katherine Albrecht v. Dana Albrecht**    PNO: **6591910341**
Case Number:    **659-2019-DV-00341**

Please be advised that on <u>September 23, 2023</u> Hon <u>Judge Kevin P. Rauseo</u> made the following order relative to:

☐ Petition    ☐ Final Order    ☒ Other    <u>Denied Defendat's Motion for Reconsideration of</u>
<u>August 16, 2023 Order (#207)</u>

☐ Notice of Interstate Enforcement
and Compliance with VAWA for
Use with Final Order

September 25, 2023

*Sherry L Bisson*
Sherry L. Bisson, Clerk of Court

(1270)

C: Katherine Albrecht; Michael J. Fontaine, ESQ

## THE STATE OF NEW HAMPSHIRE

9th Circuit – Family Division – Nashua

Katherine Albrecht and Dana Albrecht

659-2019-DV-00341

## Defendant's Motion for Reconsideration of August 16, 2023 Order (#207)

NOW COMES the Defendant, Dana Albrecht, *pro se*, and respectfully requests this Honorable Court to reconsider its August 16, 2023 *Order* (#207).

In support thereof it is stated:

1.  Defendant's *Motion for Judicial Notice of Albrecht v. Sternenberg et al., 1:23-cv-00381, (D.N.H.)*, filed concurrently with this pleading, is incorporated by reference herein, the same as if plead in full.

2.  This is a civil case. The equal protection provisions of our New Hampshire State Constitution require that both parties be afforded equal rights and protections when either requests relief of any kind. *Opinion of the Justices*, 144 N.H. 374 (1999), citing *State v. Pennoyer*, 65 N.H. 113 (1889).

3.  Moreover, N.H. Const. pt. 1, art. 35 requires that "it is the right of every citizen to be tried by judges as impartial as the lot of humanity will admit." The question is "whether an objective, disinterested observer, fully informed of the facts, would entertain significant doubt that justice would be done in the case" *In re Tapply*, 162 N.H. 285, 297 (2011). Moreover, "we must continuously bear in mind that to perform its high function in the best way justice must satisfy the appearance of justice." *Blaisdell v. City of Rochester*, 135 N.H. 589, 593 (1992).

4.  Moreover, under the federal Due Process clause, no determination of actual bias is required. Rather, the legal standard  is whether "under a realistic appraisal of psychological tendencies and human weakness," the circumstances "pose[] such a risk of actual bias or prejudgment that the practice must be forbidden if

- 1 -

the guarantee of due process is to be adequately implemented." *Caperton v. AT Massey Coal Co., Inc.*, 556 U.S. 868, 883-84 (2009). See also *Rippo v. Baker*, 137 S. Ct. 905 (2017) (overturning the Nevada Supreme Court because it applied the wrong legal standard when a judge was a target of a federal bribery probe).

5.  On November 1, 2019, in the related parenting matter, No. 659-2016-DM-00288, Mr. Albrecht filed his *Ex Parte Motion for Contempt and to Compel* (index #364), seeking to visit with their children while they were in the New England area. The court denied *ex parte* relief, ordering that "the case shall be scheduled in the ordinary course."

6.  Ms. Albrecht was clearly upset that Mr. Albrecht asked for parenting time, to which he was normally entitled under the *Parenting Plan* in effect at that time, and explicitly expressed her ire by claiming Mr. Albrecht's very pleading, *supra*, was the reason she wanted a DV order of protection. She even said so in the five-page single spaced typed DV petition she filed in response to Mr. Albrecht's November 2019 contempt motion:

    > Additionally, November 1, 2019, Mr. Albrecht filed an Ex Parte Motion for Contempt and to Compel with the 9ᵗʰ Circuit – Family Division – Nashua, Docket No.: 659-2016-DM-00288, asking, in part, that I be compelled to disclose our precise location, and that I be compelled to provide him with parenting time before I returned to California. There is no requirement in the Court-ordered Parenting Plan that I have to notify Mr. Albrecht if I pull the girls out of school for a few days; there is no requirement in the Parenting Plan that I have to notify Mr. Albrecht if I travel in or outside the State of California; and there is no requirement in the Parenting Plan that I have to provide Mr. Albrecht with an itinerary of my travel plans.

    > The Court issued an Order dated November 1, 2019, denying Mr. Albrecht's Motion for Ex Parte Relief finding that "No ex parte or emergency orders are issued no showing of imminent danger of irreparable harm. The case shall be scheduled in the ordinary course."

7.  When Mr. Albrecht requested that his November 1, 2019 motion, *supra*, and Ms. Albrecht's DV petition, be consolidated for hearing, Judge Derby denied this request (index #15) ordering that "Parties cautioned that 12-9-19 hearing is scheduled for 30 min & double-booked with another DV case, and should plan accordingly," after which Judge Derby then held a three day trial in this DV matter, all while refusing to hear Mr. Albrecht's November 1, 2019 *Motion*.

- 2 -

8. In any event, this is a multi-state diversity of citizenship case, involving disputes (many involving fundamental liberty interests under the United States Constitution) arising out of different events that have occurred in New Hampshire, Massachusetts, California, and Michigan. Any related federal questions that may arise are likely best adjudicated by any federal court of competent jurisdiction *where* those events occurred. *See* 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 1983.

9. In particular, however, "the liberty interest of parents in the care, custody, and control of their children is perhaps the oldest of the fundamental liberty interests recognized by the United States Supreme Court." *Troxel v. Granville*, 530 U.S. 57, 65 (2000). Indeed, "the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children." *Troxel* at 66.

10. This, however, did not dissuade Judge Derby from issuing an unconstitutional DV order of "protection" for Collinsville Bible Church in Dracut, MA, arising out of events that occurred in Massachusetts, or deciding that *Ms. Albrecht ought to have a three-day hearing on her DV petition*, while *Mr. Albrecht ought to have no hearing whatsoever, on his parenting motion*.

11. Nor did it dissuade Judge Curran from issuing an initial one-year extension on the DV, based on evidence and testimony in the parenting case, concerning which no fair hearing was ever held *during the entire pendency of Judge Curran's one year extension*, all while Ms. Albrecht resided in Michigan.

12. Meanwhile, Judge Rauseo has made it crystal clear to the Defendant, that *under no circumstances may discovery be permitted in Defendant's defense*, first by denying an assented-to *Motion to Continue* (index #129) to allow discovery prior to the last sham hearing in this matter held on February 18, 2022; and, more recently, also by striking the Defendant's more recent discovery requests (index #175, #176).

13. On May 23, 2022, the Defendant filed a *Rule 7 Notice of Mandatory Appeal* (index #156) to the New Hampshire Supreme Court, and on July 26, 2022 the New Hampshire Supreme Court issued an acceptance order (index #158), in appellate docket No. 2022-0284.

- 3 -

20

14. Nevertheless, this did not prevent Judge Rauseo from continuing to exercise jurisdiction to deny a stay (index #165) requested by Defendant in the trial court proceedings, nor to prevent Judge Rauseo to issue nine (9) *additional* orders (index #167, #170, #171, #174, #177, #180, #182, #183, #187) all favoring Plaintiff, while issuing only a single order (#184) favoring Defendant.

15. In particular, it did not prevent Judge Rauseo from exercising jurisdiction to issue yet another one-year extension (#177), *all without holding any hearing at all*, concerning Plaintiff's most recent request (#160) for a five-year extension, that she filed *after* the Supreme Court's July 26, 2022 acceptance order (#158).

16. Meanwhile, Judge Rauseo *simultaneously* claims, that he lacks jurisdiction, to provide *any* hearing to Defendant, concerning Judge Rauseo's most recent extension, that was *already pre-decided* by Judge Rauseo, and *before* holding any hearing.

17. Judge Rauseo sees nothing wrong with denying a stay requested by Defendant (index #165), *to favor Plaintiff*, while simultaneously, and *sua sponte*, then later issuing a stay requested by *neither* party, *to favor Plaintiff*.

18. Meanwhile, in the related parenting matter, Judge Rauseo has *also* decided he had jurisdiction to strip Defendant of any remaining parenting time with the parties minor daughter, G.A., *after* which Judge Rauseo decided, *sua sponte*, in a three hour hearing, and over the objection of both parties, that Judge Rauseo then did *not* have jurisdiction to modify such order, forcing Defendant to seek relief in a Michigan courthouse, should Defendant wish to have any parenting time with the parties' minor daughter, G.A.

19. Meanwhile, Judge Rauseo has *also* made clear to Defendant, that Judge Rauseo *will exercise jurisdiction*, to extend the "domestic violence" order of "protection," by inventing, *sua sponte*, false allegations against Defendant, should Defendant attend any hearing in a Michigan courthouse!

20. Defendant, of course, does not anticipate that anything in this *Motion* will change Judge Rauseo's mind, as this matter has already clearly been pre-decided in Plaintiff's favor, by the trial court consistently holding hearings for purposes of extending Plaintiff's sham DV order, all while denying hearings to Defendant, for any other purpose.

- 4 -

21. Finally, Judge Rauseo has also pre-decided, that he may exercise jurisdiction *at any time* so long as he wants to act to favor Plaintiff (a resident of Michigan), but that, simultaneously *he never has jurisdiction*, to perform any act in favor of Defendant (a resident of New Hampshire).

WHEREFORE, the Defendant again respectfully requests that this Honorable Court provide the following relief:

A) That this Court vacate all trial court orders issued in this matter since 5/23/2022; or,

B) In the alternative, that this Honorable Court set forth, in a written narrative order, the reasons for its decision; and,

C) For any other relief as this Honorable Court deems just and equitable.

Respectfully submitted,

*Don N. alt*

DANA ALBRECHT
*Defendant Pro Se*
131 D.W. Hwy #235
Nashua, NH 03060
(603) 809-1097
dana.albrecht@hushmail.com

August 28, 2023

GRANTED / DENIED , *The Court has not overlooked or m-scppreleded*
*complaints of fact or law*

Kevin P. Rauseo          SEP 2 3 2023

- 5 -

22

## CERTIFICATE OF SERVICE

I, Dana Albrecht certify that this Motion has been served on Michael J. Fontaine, Esq., counsel for Katherine Albrecht, via email and U.S. Postal Mail on this 28th day of August 2023.

**DANA ALBRECHT**

- 6 -

23